451 So.2d 1142 (1984)
STATE of Louisiana
v.
Charles E. JENKINS.
No. K83-1163.
Court of Appeal of Louisiana, Third Circuit.
May 16, 1984.
Rehearing Denied June 14, 1984.
*1143 Dennis R. Whalen, Baton Rouge, for defendant-relator.
Leonard Knapp, Jr., Dist. Atty., Terry J. Manuel, and Gernine Mailhes, Asst. Dist. Attys., Lake Charles, for plaintiff-respondent.
Before DOMENGEAUX, C.J., and GUIDRY and DOUCET, JJ.
GUIDRY, Judge.
The defendant, Charles E. Jenkins, was charged with two counts of possession of marijuana, a violation of LSA-R.S. 40:966(C). On August 23, 1983, the defendant, after "Boykinization", pled guilty to the charges. The trial court sentenced the defendant to pay a fine of $2,000.00 on each count plus court costs, or in default thereof to serve one year in the parish jail on each count. In addition, the defendant was sentenced to serve thirty days in the parish jail on each count, with the sentences to run consecutively. The defendant filed a motion to correct an illegal sentence. The trial court granted the motion, noting that the fines imposed and the jail sentence in default of payment exceeded the maximum penalty allowed by LSA-R.S. 40:966(D). The trial court resentenced the defendant to pay a fine of $500.00 on each count, or in default thereof to serve fifteen days in the parish jail. The trial court further sentenced the defendant to serve five months in the parish jail on each count, such sentences to run consecutively.
*1144 At the resentencing hearing, the defendant objected to the imposition of greater jail terms than those originally imposed. Defendant's objection was overruled. Defendant thereafter filed a writ application with this court. We granted the writ and issued a stay order on December 23, 1983, ordering the defendant released on his own recognizance until the issue could be properly presented. On January 4, 1984, this court ordered the writ and previously filed appeals (the same grounds were alleged) consolidated.[1]
On appeal, the defendant makes the following assignments of error:
(1) The trial court erred in setting aside the original thirty day jail sentences and imposing sentences of five months on each count.
(2) The trial court erred in considering a prior conviction of possession of marijuana in determining the sentence to be imposed.[2]

CORRECTION OF THE ILLEGAL SENTENCES
The defendant was charged by bills of information with two counts of possession of marijuana, a violation of LSA-R.S. 40:966. The bills did not contain any charge that the defendant had been previously convicted of the offense. Thus the State was prohibited from prosecuting the defendant as a multiple offender. State v. Cannon, 409 So.2d 568 (La.1982). The penalty provision for a first conviction of possession of marijuana is found in LSA-R.S. 40:966(D)(1), which states that upon a first conviction, an offender shall be fined not more than $500.00, and imprisoned in the parish jail for not more than six months, or both. The sentence originally imposed are clearly illegal, as each assessed a fine of $2,000.00.
LSA-C.Cr.P. Art. 882 provides:
"An illegal sentence may be corrected at any time by the court that imposed the sentence.
A sentence may be reviewed as to its legality on the application of the defendant or of the state:
(1) In an appealable case by appeal; or
(2) In an unappealable case by writs of certiorari and prohibition.
Nothing in this article shall be construed to deprive any defendant of his right, in a proper case, to the writ of habeas corpus."
The trial court correctly set aside the original illegal sentences.
The defendant contends that the trial court erred in setting aside both the jail terms and the fines. He asserts that in correcting an illegal sentence, the trial judge is only authorized to correct that portion of the sentence which exceeds the statutory maximum. He urges that the trial court was authorized to reduce the fine, but that the two thirty-day jail terms, being within the statutory limit, could not be disturbed. This contention is without merit.
A sentence is "... the penalty imposed by the court on a defendant upon a plea of guilty, upon a verdict of guilty, or upon a judgment of guilt." LSA-C.Cr.P. Art. 871. The penalties imposed on the defendant herein consisted of a jail term and a fine. The two sanctions comprise a single sentence. In State v. Johnson, 220 La. 64, 55 So.2d 782 (1951), the Supreme Court stated:
"In any criminal case it is the mandatory duty of the district judge upon conviction of a defendant to impose a sentence authorized or directed by law, and, if he does not impose a sentence authorized or *1145 directed by law, the sentence is illegal, and the case is in the same condition as if no sentence at all has been imposed, and it must be remanded to the district court so that the judge may impose a legal sentence."
The foregoing language makes clear that when a sentence is found to be illegal, the entire sentence is vacated. Thus, the trial court was correct in vacating both the jail terms and the fines imposed on original sentencing.
Although the trial court was clearly authorized to set aside both the fines and the jail sentences and to reimpose legal sentences, his discretion in resentencing the defendant is not unbridled. In North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), the Supreme Court considered the constitutional limits on the scope of the authority of a trial court to impose a heavier sentence upon a criminal defendant when an original sentence is set aside.
In Pearce, the court concluded that neither the double jeopardy provision nor the equal protection clause prohibits the trial court from imposing a more severe sentence upon reconviction. However, the court did find that the due process clause protects a criminal defendant from receiving a harsher sentence upon reconviction as a penalty for exercising his right to attack the original conviction. The court stated:
"Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.20
In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal." (footnote omitted)
See also, State v. Rutledge, 259 La. 543, 250 So.2d 734 (1971).
In our view, the foregoing principles have equal application to situations wherein only the original sentence, and not the underlying conviction, is successfully attacked. A defendant clearly has the right to have an illegal sentence set aside. A defendant seeking to exercise his right should not be saddled with apprehension that the new sentence, although within statutory limits, will be more severe.
Having determined that the principles of North Carolina v. Pearce, supra, are applicable to resentencing after an illegal sentence is set aside, we must next determine whether the sentence imposed by the trial judge in the instant case is a harsher penalty than that originally imposed. The original sentences consisted of a thirty day jail term and a $2,000.00 fine on each count, the jail terms to be served consecutively. Thus, the total penalty was sixty days in jail and $4,000.00 in fines. In resentencing the defendant, the trial judge reduced the fine to the statutory maximum of $500.00 on each count, but increased the jail term to five months on each count, such terms to run consecutively. The new sentence therefore represented a reduction in fines from $4,000.00 to $1,000.00 and an increase in jail terms from sixty days to ten months.
We conclude that the penalty imposed by the trial court upon resentencing is more severe than that originally imposed. The reduction in fines to a maximum of $500.00 on each count was mandated by statute. It is nigh impossible to determine with any *1146 degree of certainty a period of additional confinement which would offset the decrease in fines, such that the two sentences would be equal in severity. This would involve the arbitrary and purely subjective process of placing a monetary value on the defendant's deprivation of liberty. Nevertheless, we find that the significant increase in the defendant's jail terms is far more drastic than the concomitant reduction in fines. The result is a penalty which is harsher than that originally imposed. The record in this matter, and in particular the court's reasons for imposing sentence, contain no justification for the harsher sentence as required by North Carolina v. Pearce, supra. We therefore conclude that the matter should be remanded for resentencing.
In light of our decision to remand this matter for resentencing, it is unnecessary to reach the issue raised by the defendant's second assignment of error.
For the above and foregoing reasons, the writ heretofore granted is made peremptory, and the sentences imposed are set aside. This matter is remanded to the trial court for resentencing in accordance with the views expressed herein.
WRIT GRANTED AND MADE PEREMPTORY.
SENTENCES VACATED AND MATTER REMANDED FOR RESENTENCING.
NOTES
[1] We this day render separate decrees in the consolidated appeals which bear our docket numbers CR83-1067 and CR83-1068. See 451 So.2d 1146.
[2] The defendant also makes a third assignment of error urging that the trial court erred in fixing the defendant's bond pending appeal at an excessive amount. This issue will not be considered. Our order of December 23, 1983, ordering the defendant released on his own recognizance pending appeal, has rendered this issue moot.