GUIDRY, Judge.
This matter was consolidated at the trial level and remains so on appeal with a companion matter styled, State v. Jenkins, 468 So.2d 691. We render a separate decree in the latter case this date.
In earlier consolidated appeals, State v. Jenkins, 451 So.2d 1142, and State v. Jenkins, 451 So.2d 1146 (La.App. 3rd Cir.1984), writ denied, 456 So.2d 1018 (La.1984), defendant, Charles E. Jenkins, urged that the sentences imposed upon him by the trial court at a resentencing hearing had following the initial imposition of an illegal sentence, which was set aside on defendant’s motion, were excessive. In the above cited appeals, this court concluded that the sentences imposed at the resentencing hearing were more severe than the original sentences which were set aside as illegal. In doing so, we relied on North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). Accordingly, we ordered the sentences vacated and remanded these matters to the trial court for resen-tencing in accordance with the views expressed in our aforesaid opinions.
Following remand, the trial court, after a second resentencing hearing, imposed the identical sentences imposed following the first resentencing hearing, i.e., a fine of $500.00 on each count, or in default thereof fifteen days in the parish jail and five months in the parish jail on each count, the sentences to run consecutively. The instant appeals followed with the trial court staying execution of the sentences imposed pending a final determination of these matters.
*691 Defendant urges on appeal that the sentences imposed at the second resentencing hearing are excessive.
The operative facts need not be restated as they are set out at length in our earlier reported opinions.
In our earlier opinion, State v. Jenkins, supra, we stated at page 1145 and 1146:
“We conclude that the penalty imposed by the trial court upon resentencing is more severe than that originally imposed. The reduction in fines to a maximum of $500.00 on each count was mandated by statute. It is nigh impossible to determine with any degree of certainty a period of additional confinement which would offset the decrease in fines, such that the two sentences would be equal in severity. This would involve the arbitrary and purely subjective process of placing a monetary value on the defendant’s deprivation of liberty. Nevertheless, we find that the significant increase in the defendant’s jail terms is far more drastic than the concomitant reduction in fines. The result is a penalty which is harsher than that originally imposed. The record in this matter, and in particular the court's reasons for imposing sentence, contain no justification for the harsher sentence as required by North Carolina v. Pearce, supra. We therefore conclude that the matter should be remanded for resentencing.”
North Carolina v. Pearce, supra, requires that whenever the original sentence imposed is successfully attacked a more severe sentence is appropriate on resen-tencing only when the record contains an affirmative showing of objective information concerning “... identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding.” The records before us on appeal are devoid of any evidence of any identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. Therefore for this reason and for the reasons set forth in our earlier opinions, we determine that the sentences imposed following remand are excessive.
For the above and foregoing reasons, the sentences imposed are set aside. This matter is remanded to the trial court for resen-tencing in accordance with the views expressed herein and in our earlier opinion, State v. Jenkins, 451 So.2d 1142 (La.App. 3rd Cir.1984), writ denied, 456 So.2d 1018 (La.1984).
SENTENCE VACATED AND MATTER REMANDED FOR RESENTENCING.