PER CURIAM.
Defendant Sims was charged with four counts of distribution of a controlled dangerous substance: two counts of distribution of marijuana and two counts of distribution of phencyclidine (PCP), all violations of La.R.S. 40:966. A jury found the defendant guilty on all counts. The maximum imposable penalty on each count is imprisonment at hard labor for 10 years and a $15,000 fine. A pre-sentence investigation was ordered and reviewed. The defendant was sentenced to serve imprisonment of two years at hard labor on each of the four counts, the sentences to run consecutively. Defendant appealed his sentences as excessive and claimed the trial judge failed to fully comply with La.C.Cr.P. Art. 894.1 sentencing guidelines. Sims also assigned as error the imposition of consecutive as opposed to concurrent sentences.
Prior to imposition of the sentences the trial judge listed both mitigating and aggravating factors, as required by law. He noted that the defendant was 27 years old; had no adult criminal record; had a limited juvenile record involving a stolen bicycle; did not finish high school but joined the Job Corps; had a sporadic employment record; and had no dependents.
There were four different drug transactions occurring on three separate dates, involving sales to the same undercover agent over a three week period. Although the total amount of money was only $70, the trial court concluded that selling drugs on several occasions was serious conduct and that lesser sentences than those imposed would deprecate the seriousness of the offenses. However, although the defendant was exposed to imprisonment of ten years bn each count, he was only given two years imprisonment on each conviction, with the sentences to run consecutively.
Although it is recognized that concurrent rather than consecutive sentences are the usual rule in cases of this nature (see La.C. Cr.P. Art. 883), where the aggregate of the consecutive sentences imposed for four offenses does not amount to the maximum sentence that could have been imposed for just one of those offenses, we do not find that the trial judge abused his sentencing discretion. This is particularly true when one considers the gravity of the crimes committed. The frequency of the sales and the nature of some of the involved drugs (namely, “PCP”) denote, not an occasional dispenser of dangerous substances, but an experienced drug dealer.
In summary, we have determined that the trial judge adequately complied with Article 894.1 and did not impose excessive *960 sentences. Therefore, defendant’s sentences are affirmed.
HALL, C.J., dissents and assigns written reasons.