DENNIS, Justice,
dissenting.
I respectfully dissent.
Concurrent rather than consecutive sentences are the usual rule, at least for a defendant without a previous criminal record and in the absence of a showing that the public safety requires a longer sentence. State v. Cox, 369 So.2d 118 (La.1979); State v. Underwood, 353 So.2d 1013. However, this policy has been invoked only to set aside sentences so disproportionate to the crime committed, in light of the harm caused to society, as to shock our sense of justice, State v. Cann, 471 So.2d 701 (La.1985), either because each consecutive sentence itself was lengthy or because each crime was part of one unpremeditated transaction or both. See, e.g., State v. Cox, supra; State v. Cann, supra.
In the present case the defendant was sentenced to a total of eight years for the commission of four separate premeditated drug (PCP and marijuana) distributions. For this the statutory law authorized sentences totaling forty years and fines of $60,000. Each of defendant’s individual sentences of two years was not lengthy. Each of his crimes was a separate premeditated transaction rather than a part of one unplanned episode. The defendant is a first offender, but under the other circumstances in the record, primarily his age of 27 years and his sporadic employment record, the trial judge could reasonably conclude that the defendant’s multiple drug transactions indicate that he is in need of correctional treatment. Because he is a first offender, defendant is eligible for parole at the end of one third of his sentence, or after serving two and two thirds years. For all of these reasons, the penalty imposed is not so grossly disproportionate to the crime committed, in light of the harm caused to society, as to shock a reasonable person’s sense of justice; nor are the sentences apparently severe or without a rational basis in the record.
Moreover, the consecutive sentences imposed are not excessive individually or in aggregate under the terms of the authorities relied on by this court in its seminal sentence review decisions. State v. Cox, supra; State v. Underwood, supra. The ABA Standards for Criminal Justice § 18-4.5 provide that consecutive sentences are within the trial judge’s discretion and should not routinely be imposed; that there should be a ceiling on the aggregate maximum of consecutive terms which is reasonably related to the severity of the offenses; that the court should find that confinement for such a term is necessary to prevent further serious criminal conduct by the de *1007 fendant. The National Advisory Commission on Criminal Justice Standards and Goals, Standard 5.6 provides that where the court finds on substantial evidence that the public safety requires a longer sentence, the court should be authorized to impose consecutive sentences, except that the aggregate maximum should not be more than double the maximum sentence for the most serious of the offenses involved. The National Council on Crime and Delinquency, Model Sentencing Act 2d, § 17, reprinted at 18 Crime and Delinquency 367, provides that separate sentences for two or more crimes constituting a single criminal episode shall run concurrently but that plural sentences for crimes not constituting a single criminal episode shall run concurrently unless the judge orders otherwise. See also American Law Institute Model Penal Code, § 7.06.