GRISBAUM, Judge.
This appeal arises out of an illegal sentence. This Court previously affirmed the armed robbery conviction and remanded for resentencing. The defendant appeals from the resentencing. We affirm.
ISSUE
We are called upon to determine whether the trial court violated the defendant’s due process rights in its resentencing the defendant to 50 years hard labor without benefit of probation, parole, or suspension of sentence, where the previous illegal sentence was 50 years at hard labor, the first ten of which were to be without probation, parole, or suspension of sentence.
PROCEDURAL HISTORY
After a jury trial, the defendant, Mr. Frank Sepcich, was convicted of armed robbery (La.R.S. 14:64), and a presentence investigation was ordered. The trial court sentenced the defendant to 50 years at hard labor, the first ten to be without benefit of probation, parole, or suspension of sentence. The defendant appealed his conviction and also assigned as error the ex-cessiveness of the sentence. In the State’s brief for that appeal and at oral argument held on June 11, 1985, the State called attention to the illegality of the sentence. On June 13, 1985, the State filed in the trial court a motion to correct the illegal sentence. In due course, this court affirmed the conviction but set aside the sentence and remanded the matter for sentencing. See State v. Sepcich, 473 So.2d 380 (La. App. 5th Cir.1985). On July 10, 1985, the trial court acted on the State’s motion to correct the illegal sentence and sentenced the defendant to 50 years at hard labor without benefit of probation, parole, or suspension of sentence.
ANALYSIS
In exercising our standard of review, we are guided by the United States Supreme Court in North Carolina v. Pearce, 395 U.S. 711, 725, 89 S.Ct. 2072, 2080, 23 L.Ed.2d 656 (1969), which, in part, states:
Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant’s exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.
In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear.... (Emphasis added)
We are also aided by our fellow Third Circuit in State v. Jenkins, 451 So.2d 1142 (La.App. 3d Cir.1984), writ denied, 456 So.2d 1018 (La.1984), which, in part, states:
... the foregoing principles [which were enunciated by the North Carolina v. Pearce court] have equal application to situations wherein only the original sentence, and not the underlying conviction, is successfully attacked. A defendant clearly has the right to have an illegal sentence set aside. A defendant seeking to exercise his right should not be saddled with apprehension that the new sentence, although within statutory limits, will be more severe.
Id. at 1145.
Additionally, our jurisprudence provides that, in any criminal case, it is the mandatory duty of the district judge upon conviction of a defendant to impose a sentence authorized or directed by law, and, if he does not impose a sentence authorized *561 or directed by law, the sentence is illegal, and the case is in the same condition as if no sentence has been imposed. State v. Johnson, 220 La. 64, 55 So.2d 782 (1951). A defendant in a criminal case does not have a constitutional or statutory right to an illegal sentence. When a sentencing (and now appellate) court discovers a sentence does not conform to an applicable penalty statute, it has a duty to correct the sentence (or cause it to be corrected) to bring it into compliance with the statute, even though the corrected sentence is more onerous. Correction of an illegal sentence, even though the corrected sentence is more onerous, does not per se violate the constitutional rights of the defendant. State v. Fraser, 471 So.2d 769 (La.App. 1st Cir. 1985), writ granted, 475 So.2d 771 (La. 1985), and federal cases cited therein.
In light of our jurisprudential guidelines, we must determine whether the sentence imposed by the trial court is a harsher one than that which was originally imposed. In making this determination, we find it appropriate to view our jurisprudence in determining harshness per se. In State v. Jenkins, supra, in resentencing the defendant, the trial judge reduced the fine to the statutory maximum of $500 on each count but increased the jail term to five months on each count, such terms to run consecutively. The new sentence, therefore, represented a reduction in fines from $4000 to $1000 and an increase in jail terms from 60 days to ten months. From this factual scenario, that court concluded that the penalty which was imposed by the trial court in resentencing was more severe than that which was originally imposed. We further note State v. Rutledge, 259 La. 543, 250 So.2d 734 (1971), wherein our Supreme Court followed Pearce in holding that, where a defendant’s guilty plea and sentence of one year imprisonment were vacated and the defendant was subsequently tried before a jury, convicted and sentenced to two and one-half years imprisonment and the reasons for the disparity between the sentences did not appear in the record, the second more severe sentence was constitutionally objectionable. It has also been held that, where a defendant was resentenced under a statute which extended the period which the defendant would have to serve without parole eligibility, the new sentence was more severe under Pearce. See United States v. Hawthorne, 532 F.2d 318 (3d Cir.), cert. denied, 429 U.S. 894, 97 S.Ct. 254, 50 L.Ed.2d 177 (1976). See also State v. Franks, 391 So.2d 1133, 1137 (La.1980).
After a careful review of the record and our jurisprudential guidelines, we find that prior to the initial sentence, the trial judge more than adequately complied with the guidelines of La.C.Cr.P. art. 894.1. Of equal importance, the record reflects the trial court had the advantage of a presen-tence investigation. Thereafter, the court’s sentence was illegal in that it limited this 50-year sentence to only ten years without probation, parole, or suspension of sentence. At this point, it is crucial to note that the illegal aspect of the original sentence was illegal per se and could never have been carried out on behalf of the defendant. Accordingly, the original defac-to sentence of the defendant was for 50 years at hard labor without benefit of probation, parole, or suspension of sentence. Thus, we cannot say that the resentencing was more severe than the original sentence.
We also find no possibility of vindictiveness or retaliatory motivation because the State had, at the trial court level, moved to correct the illegal sentence prior to any decision from the appellate court. It is clear that the correction of this particular sentence is certainly not the result of this defendant’s exercise of his right to appeal. Therefore, the factors that created the policy upon which the Pearce decision is based are totally absent in this sentence. Accordingly, we conclude the resentencing is nothing more than a duplicate of the original sentence without the illegal aspect, and furthermore does not run afoul of the due process standard enunciated in North Carolina v. Pearce.
*562 For the reasons assigned, the resentenc-ing is affirmed.
AFFIRMED.