NORRIS, Judge.
Defendant was charged with two counts of distribution of marijuana and two counts *756 of distribution of phencyclidine (PCD) in violation of LSA-R.S. 40:966. Defendant was convicted by a jury on all four counts and subsequently sentenced to serve two years at hard labor on each count with the sentences to run consecutively. Defendant appealed his sentences as excessive; this court affirmed the aggregate eight-year sentence.[1] The Supreme Court granted writs and in a 4-3 decision set aside the sentences as excessive and remanded to the trial court for resentencing.[2] The trial judge resentenced the defendant to pay a fine of $500 and costs on each count, or in default of payment, to serve 90 days and he reimposed the sentences of two years at hard labor on each count but ordered only the first three hard labor sentences to be consecutive; the hard labor sentence in count four was ordered to run concurrent with the hard labor sentence imposed in count three. Defendant again appeals contending that the sentencing judge failed to adequately comply with LSA-C.Cr.P. art. 894.1 and that the sentences are excessive. We affirm.
There were four different drug transactions occurring on three separate dates, involving sales to the same undercover agent over a three-week time period. The total amount of money involved in the transactions was less than $100.
At the first sentencing hearing, the trial judge reviewed the presentence investigation with defendant and concluded that the incidents involved established a pattern of conduct of a very serious nature. The court noted defendant’s lack of a criminal record to be a mitigating circumstance, but further concluded that defendant’s less than satisfactory work record, the lack of grounds tending to excuse his criminal conduct, his habit of frequenting bars, and his ability to get drugs without difficulty made him a poor probationary risk. The trial judge opined that defendant was in need of correctional treatment by commitment to an institution and that a lesser sentence than that imposed would deprecate the seriousness of defendant’s criminal acts. The trial judge also noted for the record that defendant, 27 years of age, had no dependents. Thus, the four consecutive two-year hard labor sentences were imposed. The Louisiana Supreme Court ultimately held that the aggregate of these consecutive sentences was excessive.
At the resentencing hearing, the court briefly reviewed defendant’s personal history and background and commented that this information had been detailed at the original sentencing, outlined defendant’s criminal actions and the maximum penalty exposure, stated his agreement with the jury verdicts, and alluded to the majority opinion of the Supreme Court as being the only additional mitigating circumstance he could find. The sentencing judge then imposed the sentences described above. The aggregate sentence now amounts to a $2000 fine or in default of payment thereof, 360 days, and six years imprisonment at hard labor.
At the outset, we feel it necessary to consider whether or not the resentencing is violative of the principle espoused in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). In Pearce, the court concluded that the Due Process Clause of the Fourteenth Amendment protects a criminal defendant from receiving a harsher sentence upon reconviction as a penalty for exercising his right to attack the original conviction, absent articulated reasons based on objective information concerning identifiable conduct on the defendant’s part occurring after the time of the original sentencing. Louisiana adopted the Pearce rule in State v. Rutledge, 259 La. 543, 250 So.2d 734 (1971) and it has been applied to cases where only sentences were vacated for failure to comply with sentencing guidelines or for excessiveness. State v. Franks, 391 So.2d 1133 (La.1980); State v. Jenkins, 451 So.2d 1142 (La.App. 3d Cir.1984), appeal after remand 468 So.2d 690, 691 (La.App. 3d Cir.1985).
*757 Admittedly, the new sentences give us some difficulty. If we compare the new individual sentences with the original individual sentences in light of Pearce, we would be forced at least to set aside the sentences imposed in counts one, two and three and again remand for resentencing. If we are to compare the new aggregate sentences against the original aggregate to determine if the penalty imposed on resen-tencing is the same, harsher, or less, then we are forced to compare apples and oranges with only apples. We conclude that it is permissible in this multiple count situation to compare the respective aggregate sentences rather than individual sentences. See State v. Franks, supra; State v. Jenkins, supra. We are cognizant, however, that in comparing sentences composed of fines plus imprisonment to sentences imposing only imprisonment, that the more burdensome the fine, the more difficult it becomes to determine with any degree of assurance which a defendant values most, freedom or money.
Our ultimate conclusion in the instant case is that the new aggregate sentences utilizing fines and imprisonment are less severe than the original sentences which imposed only imprisonment.
We now consider whether the new aggregate sentences are excessive. This test is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in LSA-C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance but the record must reflect that he adequately considered the guidelines of the article. State v. Hammonds, 434 So.2d 452 (La.App. 2d Cir.1983), writ denied 439 So.2d 1074 (La.1983). The articulation of the factual basis for a sentence is the goal of art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which must be considered are the defendant’s personal history (age, family ties, marital status, health, employment record) prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. McGhee, 469 So.2d 1051 (La.App. 2d Cir.1985).
Second, the reviewing court must determine whether the sentence imposed is too severe given the circumstances of the case and the background of the defendant. A sentence violates LSA-Const. Art. I, § 20 (1974) if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it is so disproportionate as to shock the sense of justice. State v. Lewis, 430 So.2d 1286 (La.App. 1st Cir.1983), writ denied, 435 So.2d 433 (La.1983). The trial judge has wide discretion in the imposition of a sentence within the statutory limits and such a sentence should not be set aside as excessive absent a manifest abuse of discretion. State v. Hammonds, supra; State v. Nelson, 449 So.2d 161 (La.App. 4th Cir.1984).
We conclude at the outset that the trial judge adequately complied with art. 894.1.
Concurrent rather than consecutive sentences are the usual rule for a defendant without a prior criminal record and absent a showing that the public safety requires a longer sentence. State v. Cox, 369 So.2d 118 (La.1979); State v. Underwood, 353 So.2d 1013 (La.1977). This rule, however, has been used to set aside sentences so disproportionate to the crimes committed, in light of the harm caused to society, as to shock our sense of justice, either because each consecutive sentence was lengthy or because each crime was part of one unpremeditated transaction, or both. See, e.g., State v. Cann, 471 So.2d 701 (La.1985); State v. Cox, supra.
Here, on remand, defendant was resen-tenced to pay a total fine of $2000 and to serve a total of six years at hard labor for the commission of four separate and premeditated drug distributions. The maxi *758 mum sentences authorized by law for defendant’s criminal acts total 40 years imprisonment and fines of $60,000. Defendant has received only Vsoth of the total authorized fines and %oths of the total authorized years of imprisonment. The fine levied in connection with each sentence was minimum and the individual sentences of two years was not lengthy. The total aggregate sentence for four counts in this case is considerably less than the maximum authorized for just one offense. Each of defendant’s criminal acts was a separate premeditated transaction rather than a part of one unplanned episode.
Defendant is a first felony offender but under the circumstances contained in this record, primarily his age, sporadic employment record, and obvious easy access to illegal drugs, the trial judge could reasonably conclude that defendant’s multiple drug transactions indicated a need for correctional treatment and confinement.
In summary, we find that the trial judge adequately complied with Art. 894.1 and that the new aggregate sentences are not so grossly disproportionate as to shock our sense of justice and are not excessive.
AFFIRMED.

. State v. Sims, 480 So.2d 958 (La.App. 2d Cir.1985). Chief Judge Hall dissented being of the opinion that the trial court erred in imposing consecutive sentences which were excessive.

. State v. Sims, 483 So.2d 1006 (La.1986). Justices Dennis, Blanche and Lemmon dissented.