CANNELLA, Judge.
Defendant, Herbert Mitchell, appeals from his convictions, two counts of distribution of cocaine in violation of La.R.S. 40:967(A)(1), and sentences, twelve years at hard labor on each count, to run consecutively. For the reasons which follow, we affirm the convictions and sentences.
On May 12, 1989, Officer Anthony Akins, working undercover, first met with Detective Dale Roussel, his supervisor, then proceeded to a lounge in Vacherie, St. James *19 Parish. Akins parked his vehicle, was approached by the defendant and engaged in general conversation. The subject of drugs came up and Akins said that he was looking for a large quantity of cocaine. The defendant said that he had three “25 cent packs[1]’, but he could get more later. The defendant entered a vehicle, then produced three clear plastic bags containing a white powder substance. Akins paid $75 for the three bags. Akins and the defendant then resumed their conversation.
At approximately 1:30 a.m., Akins again met with Detective Roussel at a prearranged location and turned over the three bags. She put the evidence in an envelope, sealed it, and brought it to the evidence locker. Roussel later brought the evidence to the Louisiana State Police Crime Lab where scientific analysis of the substance was performed. The result of the analysis was positive for the presence of cocaine.
Akins saw the defendant the next two days at Grant’s Lounge in Vacherie. On these occasions, Akins only spoke with him.
Between 7:00 and 7:30 p.m. on May 17, 1989, Akins again saw the defendant at Grant’s Lounge. The defendant approached Akins and began talking about drugs. He told Akins that he had more “25 cent packs.” They went outside, sat in Akins’ vehicle and Akins purchased one pack from the defendant for $25. Later that night, Akins met with Detective Rous-sel and turned over the evidence. It was also brought to the Louisiana State Police Crime Lab, analyzed and found positive for the presence of cocaine.
On May 9, 1990, Akins was in the courthouse with detectives Roussel and Werner on an unrelated case, when he saw the defendant. Akins asked Detective Roussel if the defendant had ever been arrested for the previous offenses. She replied that he had not been arrested. Detective Werner approached the defendant, advised him that two warrants were outstanding for his arrest for distribution of cocaine and asked him to accompany him. Initially the defendant denied that he was Herbert Mitchell and argued that he did not sell cocaine to anyone. When they reached the booking room, the defendant admitted that he was Herbert Mitchell.
In the trial by jury, the defendant presented several alibi witnesses. John Smith, his brother, and Mark Gibson, a friend, testified that on May 12, 1989, they got off of work early in Vacherie, rode to New Orleans to see the defendant and were continually in the presence of the defendant in New Orleans until late in the evening. They remember the date because it was Mother’s Day weekend and they went shopping. They also testified that they went to the defendant’s house in New Orleans on May 17, 1989 to attend an anniversary party for the defendant and his girlfriend, Gilda Simmons. They arrived in New Orleans a little after 7:00 p.m. and stayed at the party until approximately 12:30 to 1:00 a.m. when they returned to Vacherie. They were in the presence of the defendant, continually, during this visit. Their testimony was corroborated by Gail Favorite and Hazel Rodriguez, who accompanied them to the party.
Gilda Simmons, the defendant’s former girlfriend, testified that she and the defendant had an anniversary party on May 17, 1989. She also testified that the defendant was with her on both May 12 and May 17, 1989, and that he did not go to Vacherie.
After hearing all the evidence, the jury returned a verdict of guilty, as charged, on both counts. The trial court sentenced the defendant to twelve years at hard labor, on each count, to run consecutively.
The defendant brought this appeal arguing four assignments of error.
ASSIGNMENT OF ERROR NUMBER ONE:
The defendant contends that the trial court erred by allowing the prosecutor to make prejudicial remarks to the jury. In the prosecutor’s opening statement, he said, “as was told to you earlier a grand *20 jury, a group of individuals such as yourself, indicted Herbert Mitchell.” The defendant argues that this comment suggested to the jury that the defendant was probably guilty of the offenses because the grand jury, composed of persons like themselves, had indicted him.
Defense counsel did not object to the above remarks. According to La.C.Cr.P. art. 841 A, “an irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence.” It has been held that alleged errors in remarks made by the prosecutor during opening statements are not preserved for appellate review, where defendant failed to object to remarks at trial. State v. Sosa, 328 So.2d 889 (La.1976); State v. Burnette, 337 So.2d 1096 (La.1976); State v. Sepcick, 473 So.2d 380 (La.App. 5th Cir.1985), appeal after remand, 485 So.2d 559 (La.App. 5th Cir.1986).
Furthermore, considering the record as a whole, it does not appear that the defendant was prejudiced by the remarks. The jury had been informed, by the clerk’s reading of the indictment, that the defendant was charged by the grand jury with two counts of distribution of cocaine. And, more importantly, the trial judge, in instructing the jury, stated:
An indictment, which is what you heard the clerk read to you immediately prior to the opening statements, is nothing more than a written formal accusation against a defendant charging him with the crime. You are not to consider the indictment as evidence against the defendant. The mere filing of an indictment creates no inference whatsoever that the defendant is guilty.
Therefore, we find the defendant’s contention, that he was prejudiced by remarks in the opening statement of the prosecutor to lack merit.
ASSIGNMENT OF ERROR NUMBER TWO
The defendant argues that the trial court erred by allowing a prosecution witness to give hearsay testimony. Officer Dale Roussel, explained why the evidence envelope had the name “Herbert Smith” on it, with “Smith” scratched out and “Martin” written above. She explained that when Akins gave her the evidence in this case “he thought that Herbert’s last name was Smith.” Defense counsel objected. The witness further explained that the name of the defendant’s brother was Smith and this was the cause of the error in the defendant’s last name. Defense counsel objected again and moved for a mistrial, which was denied. The defendant argues that this was impermissible hearsay.
La.C.E. art. 801 C, defines hearsay as a statement “other than one made by the declarant while testifying at the present trial or hearing, offered in evidence to prove the truth of the matter asserted.” It has been held that a police officer, in explaining his own actions, may refer to statements made to him by other persons involved in the case. State v. Watson, 449 So.2d 1321 (La.1984) cert. denied, 469 U.S. 1181, 105 S.Ct. 939, 83 L.Ed.2d 952 (1985). Such statements are admissible not to prove the truth of the assertion, but rather to explain the sequence of events leading to the arrest of the defendant and, as such, are not hearsay. State v. Watson, supra; State v. Veal, 583 So.2d 901 (La.App. 1st Cir.1991).
Here the statements were not offered to prove the truth of the matter asserted. Rather, they were offered as the sequence of events that explained why the name “Smith” and “Martin” appeared on the evidence envelope. Furthermore, the statements were not harmful to the defendant, because Akins himself testified why he thought the defendant’s name was “Smith”, instead of “Martin”. Actually, the discrepancy in names benefits the defendant and tends to cast doubt on the identity of the perpetrator.
We find this second assignment of error lacks merit.
ASSIGNMENT OF ERROR NUMBER THREE
The defendant argues that the trial judge erred in allowing into evidence the drug analysis reports because “there was never any testimony from any person from *21 the State Police Crime Laboratory that the document offered and filed into evidence by the prosecution was true and correct.” He relies on La.C.E. art. 1002.
The use at trial of evidence from crimi-nalistic laboratories is governed by La.R.S. 15:499-501. La.R.S. 15:499[2] provides the form for the certificate of analysis as proof of the examination of the physical evidence. La.R.S. 15:500 provides that in criminal cases “the courts of this state shall receive as evidence any certificate made in accordance with La.R.S. 15:499 ... as prima facie proof of the facts shown thereon, and as prima facie proof of proper custody of the physical evidence listed thereon from time of delivery of said evidence to the facility until its removal therefrom.” La. R.S. 15:501 provides that the party seeking to introduce such a certificate must give notice of such intent, with a copy of the certificate, not less than ten days prior to the commencement of trial. The party against whom the certificate is to be used may then subpoena for cross-examination the persons who performed the examination or analysis of the evidence. In such a case, if the subpoena is requested at least five days prior to trial, or the person subpoenaed appears at trial, the certificate itself is not prima facie proof of its contents or of proper custody of the evidence. State v. Keltner, 542 So.2d 42 (La.App. 2d Cir.1989), writ denied, 548 So.2d 1228 (La.1989), State v. Landry, 583 So.2d 911 (La. App. 1st Cir.1991).
Here, the certificate of analysis met all the requirements of La.R.S. 15:499. It was admissible, under La.R.S. 15:500, as prima facie evidence of the facts shown thereon. The record shows that the state timely filed the notice of intent to use the certificate, along with the certificate, which was personally served on the defendant. There is nothing in the record to indicate that the defendant subpoenaed the examiners or in any way attempted to secure their presence at trial. Therefore, since all of the requirements of La.R.S. 15:499-501 were complied with, the certificates of analysis were properly admitted at trial. This assignment of error has no merit.
ASSIGNMENT OF ERROR NUMBER FOUR
The defendant argues that where the defense was alibi, reversible error was committed by the trial court’s failure to give an “alibi” instruction to the jury. After the trial judge instructed the jury, defense counsel objected that no instruction on alibi was read. The court replied that none was requested and then, without further objection, recessed the jury for deliberation. The defendant now complains that it was error for the trial judge not to instruct the jury on alibi.
La.C.Cr.P. art. 807 provides in pertinent part:
The state and the defendant shall have the right .before argument to submit to the court special written charges for the jury.
La.C.Cr.P. art. 802 requires the trial judge to charge the jury as to the law applicable to the case. Thus, under these rules, it is well settled that the trial court is required to charge the jury, when properly requested, as to the law applicable to any theory of defense which the jurors could reasonably infer from the evidence. State v. Jackson, 450 So.2d 621 (La.1984), State *22 v. Johnson, 438 So.2d 1091 (La.1983), State v. Telford, 384 So.2d 347 (La.1980).
Here, the alibi charge was not “properly requested” since it was not submitted to the court in writing as required by La. C.Cr.P. art. 807. Thus the court was at liberty to not give the charge.
Furthermore, the court’s general charge adequately advised the jury on the defendant’s presumption of innocence and the proper burden of proof, stating:
... This defendant, as does all defendants, is presumed to be innocent until each element of the crime necessary to constitute his guilt is proven beyond a reasonable doubt. Thus, as we say, he begins the trial with a clean slate.
The burden is upon the State to prove the defendant’s guilt beyond a reasonable doubt. In considering the evidence, you must give the defendant the benefit of every reasonable doubt arising out of the evidence or out of the lack of evidence. If you are not convinced of the guilt of the defendant beyond a reasonable doubt, then you must find him not guilty.
Therefore, we find the court did not err in failing to give the alibi charge and this assignment of error has no merit.
For the foregoing reasons we find that the assignments of error argued herein have no merit and, accordingly, affirm defendant’s convictions and sentences.
AFFIRMED.

. From testimony it appears that "25 cent packs” meant packs of cocaine that sold for $25 each.

. LSA-R.S. 15:499 provides as follows:
A. All criminalistic laboratories established by laws of this State or by laws of the United States, and all coroners, forensic pathologists, and other persons, partnerships, corporations, and other legal entities practicing in fields of knowledge and expertise in the gathering, examination, and analysis of evidence by scientific means are authorized to make proof of examination and analysis of physical evidence by the certificate of the person in charge of the facility in which such examination and analysis is made. Such certificate shall list:
(1)The date and time such evidence was delivered to such facility.
(2) The name of the person making such delivery, and the person receiving same.
(3) A brief description of the evidence.
(4) The type of examination or analysis requested.
(5) The name of the person making the examination or analysis.
(6) The date or dates of the examination or analysis.
(7) The results of the examination or analysis. B. The certificate shall give the name and address of the facility in which the examination or analysis was made, and shall be signed by the person making the examination or analysis and by the person in charge of the facility.