FORET, Judge.
Defendant, Linda B. Martin, was indicted by a grand jury with second degree mur *335 der, a violation of La.R.S. 14:30.1. Defendant, with benefit of counsel, was formally arraigned and entered a plea of not guilty. The defendant was tried before a twelve-person jury and found guilty of a lesser offense, manslaughter, a violation of La. R.S. 14:31. The defendant was sentenced on June 19,1985, to serve ten years at hard labor, seven of which were to be served without benefit of parole, probation, or suspension of sentence. The defendant has appealed and advanced eight assignments of error.
FACTS
At trial, Lorita Ann Oscar, a friend of Felton Martin, the victim, testified that at approximately 5:30 in the morning of March 5, 1983, she was driving the victim to his aunt’s house when she noticed a car behind her with its lights flicking on and off. Miss Oscar recognized the car and told the victim that his wife was following them. The victim told Miss Oscar not to get nervous and just drive off. The defendant (victim’s wife) continued to follow and pull alongside Miss Oscar’s vehicle. Miss Oscar tried to get away from the defendant, but she kept following and eventually rammed into Miss Oscar’s car. Miss Oscar then stopped her car and walked back to the defendant’s car. At that point, Miss Oscar asked why she had run into her car and the defendant replied that she had wanted them to stop. The victim then approached the car and told the defendant that he did not have anything to say. Miss Oscar then saw a shining object in the defendant’s hand. At that moment, the victim put his arm through the window and reached for the gun. The defendant then reared backward and shot the victim. The victim was shot through the heart and died within minutes.
ASSIGNMENTS OF ERROR NO. 1 and 2
Appellate counsel for defendant contends that defendant’s trial counsel was incompetent because: (1) he did not assert the proper defense on her behalf, which allegedly should appropriately have been temporary insanity and, (2) he did not speak to key witnesses until either a day prior to or on the day of the trial.
In Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court articulated the most recent tests for determining whether counsel has been ineffective. The Supreme Court states:
“A convicted defendant’s claim that counsel’s assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel’s performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the ‘counsel’ guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel’s errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.”
According to the Louisiana jurisprudence, for a defendant to prove a claim of ineffective representation, he must demonstrate that counsel did not meet the level of competency “normally demanded” in criminal cases. An adequate criminal defense must be based on “informed professional deliberation.” McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); State v. Felde, 422 So.2d 370 (La.1982). Effective assistance of counsel does not mean “errorless” counsel or counsel which may be judged ineffective on mere hindsight, but counsel “reasonably likely to render and [actually] rendering reasonably effective assistance.” State ex rel. Graffagnino v. King, 436 So.2d 559 (La.1983); see also State v. Seiss, 428 So.2d 444 (La.1983).
In State ex rel. Graffagnino v. King, supra, the court cited State v. Berry, 430 *336 So.2d 1005 (La.1983), in which it established a “meaningful analysis” for claims of ineffective assistance of counsel. The court adopted the two-pronged inquiry of McQueen v. Swenson, 498 F.2d 207 (8th Cir.1974). The court established the first inquiry as to whether counsel violated some duty to -the client. The second inquiry is whether the violation, if any, prejudiced the client in the defense of his case.
Defendant’s first contention is that her personally retained trial counsel was incompetent because he did not assert the proper defense, which should have been temporary insanity. Defense counsel must have wide latitude and trial strategy and tactics. Strickland v. Washington, supra. Secondly, defendant’s original retained counsel entered a plea of “not guilty.”
Article 651 of the Louisiana Code of Criminal Procedure states:
“When a defendant is tried upon a plea of 'not guilty’, evidence of insanity or mental defect at the time of the offense shall not be admissible.
“The defenses available under a combined plea of ‘not guilty and not guilty by reason of insanity’ shall be tried together.”
In State v. Brogan, 453 So.2d 325 (La.App. 3 Cir.1984), writ denied, 457 So.2d 1200 (La.1984), our Court reviewed the jurisprudence under La.C.Cr.P. art. 651 and quoted State v. Lecompte, 371 So.2d 239 (La.1979), stating:
“Under this statute, evidence of a mental condition or defect is inadmissible when the defendant failed to plead not guilty and not guilty by reason of insanity. Moreover, a mental defect or disorder short of insanity cannot serve to negate specific intent and reduce the degree of the crime. State v. Rideau, 249 La. 1111, 193 So.2d 264 (1966) and the cases cited therein. See also LSA-R.S. 14:14; LSA-C.Cr.P. Art. 651, Official Revision Comment (a); State v. Berry, La., 324 So.2d 822 (1975). In State v. Jones, La., 359 So.2d 95 (1978), we upheld a trial court’s ruling which precluded counsel from arguing that defendant’s ‘neurotic, prone-to-hysteria mental condition precluded the specific intent required for murder ... ’ where defense had withdrawn her plea of not guilty by reason of insanity.”
Consequently, in accordance with La.C. Cr.P. art. 651, defense counsel was precluded from asserting the defense of insanity. Additionally, defense counsel chose to assert self-defense, which is a tactical decision within the discretion of counsel.
Defendant’s second contention is that trial counsel failed to adequately prepare for trial and that he did not speak to Ms. Ethel Green and Detective Gab Williams, allegedly key witnesses, until the day before or the day of trial.
The record reflects that Ms. Green and Detective Williams do not appear to be key witnesses. Both witnesses testified as to seeing the victim beat or physically abuse the defendant at various times in the past. Eleven other witnesses, including defendant, also gave accounts of fighting in the past between the victim and defendant.
In view of these circumstances, it appears that defendant's trial counsel violated no duty to defendant. Defense counsel chose to pursue a trial strategy of self-defense. Certainly this is within the wide latitude counsel is allowed in making tactical trial decisions. Secondly, Ms. Green and Detective Williams were only two of thirteen witnesses who testified concerning the victim’s past physical abuse of the defendant. Apparently no further preparation was needed.
The performance of defendant’s trial counsel does not appear to be deficient by any means. In fact, defendant was charged with second degree murder and had she been convicted of that offense, she would have faced a mandatory sentence of life imprisonment. After presenting his case, trial counsel convinced the jury to convict of a lesser offense, manslaughter, and defendant was sentenced to ten years in prison. We do not believe this is evidence of ineffective counsel.
*337 This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 3
Defendant contends that her trial counsel unduly prejudiced the jury during closing argument by making reference to the shooting of the President of the United States and referring to the defense of insanity as stupid. However, the record reveals that defendant did not object nor ask for an admonition or mistrial. Consequently, this issue was not preserved for review. La.C.Cr.P. art. 841; State v. Carthan, 377 So.2d 308 (La.1979). This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 4
Defendant contends that the sentence imposed by the trial court was contrary to both the law and the evidence adduced at the trial of this matter. The trial judge sentenced defendant to ten years in the state penitentiary at hard labor, seven years of which were to be without benefit of parole, probation, or suspension of sentence. The trial court stated that he was mandated to impose an additional penalty of two years pursuant to La.R.S. 14:95.2 because the defendant committed the crime of manslaughter using a firearm.
In this case, the defendant was not charged with the use of a firearm or with a violation of R.S. 14:95.2 in the indictment. The jury did not convict defendant of a violation of R.S. 14:95.2. Accordingly, in compliance with the dictates of our Supreme Court in State v. Jackson, 480 So.2d 263 (La.1985), defendant may not be sentenced to the additional two years at hard labor under the provision of R.S. 14:95.2. For this reason, we vacate defendant’s sentence and remand for resentencing in accordance with the dictates of this case and of State v. Jackson, supra.
The trial court additionally imposed a sentence in accordance with La.C. Cr.P. art. 893.1 which mandates that imposition of sentence shall not be suspended and the offender shall not be eligible for probation or parole. The article further provides that the court shall impose a sentence which is not less than five years if the maximum sentence is five years or more. The jury found the defendant guilty of manslaughter, which carries a maximum penalty of twenty-one years at hard labor. Therefore, the court stated that it could sentence defendant to no less than five years.
Art. 893.1 does not impose an additional penalty, as does R.S. 14:95.2, for firearm use in the commission of a felony. Art. 893.1 establishes a minimum sentence to be imposed which is within the punishment authorized for the underlying felony and directs that the sentence be without benefit of probation, parole or suspension of sentence. In this case, the district attorney did not, prior to trial or sentencing, move the court to enhance the sentence or otherwise notify defendant that 893.1 would be applied. A defendant should be notified in advance that 893.1 is going to be invoked, especially when a defendant chooses to plead guilty. According to State v. Jackson, supra:
“An accused is entitled to know in advance of trial by receipt of a written notice from the prosecutor that the state intends to invoke art. 893.1 by calling on the trial judge prior to sentencing to make a finding that a firearm was used in the commission of the charged felony.14 Absent such pre-trial notice, the penalty enhancement provision contained in art. 893.1 shall not be applied.”
However, State v. Jackson further concluded that this rule is to be prospective only. Consequently, it is applicable only to cases which are tried after the date of that opinion, which was December 2, 1985.
In keeping with the views expressed in State v. Jackson, supra, the portion of defendant’s sentence insofar as it complies with 893.1 is affirmed.
*338 ASSIGNMENTS OF ERROR NO. 5, 6 & 7
Although the defendant had perfected these assignments of error in the lower court, she has neither briefed nor argued them on appeal. Assignments of error neither briefed nor argued are considered abandoned. State v. Jones, 478 So.2d 764 (La.App. 3 Cir.1985); State v. Alexander, 437 So.2d 991 (La.App. 3 Cir.1983); State v. Dewey, 408 So.2d 1255 (La.1982).
ASSIGNMENT OF ERROR NO. 8
Defendant contends the trial court erred because the trial judge prejudiced the jury on her second request by failing to read the complete definition of manslaughter, which should have included justifiable homicide. Defendant argues that by failing to read these definitions together, the trial judge did not give the jury a comprehensive definition to render a proper verdict.
Assuming this issue was properly before this Court,[1] defendant’s contention is totally without merit. The record reflects that the trial court gave the jury a complete instruction on justifiable homicide at pages 490-492 of the record. Neither defense counsel nor the jury requested that the definition of justifiable homicide be read twice in conjunction with manslaughter. Consequently, the trial court committed no error. This assignment of error is without merit.
DECREE
For the above and foregoing reasons, the conviction is affirmed, the sentence is vacated, and the case is remanded for resen-tencing in accordance with the views expressed herein.
CONVICTION AFFIRMED, SENTENCE VACATED AND REMANDED.

. The trial record reflects that the only objection defense counsel made was to the trial court’s denial of his requested charge concerning the element of specific intent. No objection was made to the general charge or any instructions concerning justifiable homicide. In accordance with La.C.Cr.P. art. 841, defendant has not properly preserved this issue for appeal. State v. Haarala, 398 So.2d 1093 (La.1981).