503 So.2d 747 (1987)
STATE of Louisiana
v.
John L. BOYD, Sr.
No. CR86-699.
Court of Appeal of Louisiana, Third Circuit.
March 4, 1987.
*748 Richard A. Morton, Nichols & Morton, De Ridder, for defendant-appellant.
William C. Pegues, III, Dist. Atty., De Ridder, for plaintiff-appellee.
Before GUIDRY, STOKER and LABORDE, JJ.
GUIDRY, Judge.
Appellant, John L. Boyd, Sr., was charged by bill of information with attempted second degree murder, a violation of La.R.S. 14:27 and 14:30.1. The case was tried to a jury of twelve persons on September 18 and 19, 1984, with the defendant being found guilty of attempted manslaughter. On December 11, 1984, defendant was sentenced to seven years imprisonment at hard labor without benefit of parole, probation or suspension of sentence. Defendant-appellant's sentence was imposed, not only under the provisions of the statutes under which he stood convicted, *749 but also in compliance with the terms of La.R.S. 14:95.2[1] and La.C.Cr.P. art. 893.1.[2] Boyd had not been charged with violating R.S. 14:95.2, nor had he been notified prior to trial that the State intended to seek enhancement of his sentence under La.C. Cr.P. art. 893.1.
On February 4, 1986, defendant filed a motion for an out-of-time appeal. Defendant's motion was denied by the district court. Defendant filed application for a writ of certiorari with this court seeking review of the ruling on his motion. The Third Circuit Court of Appeal ordered the district court to grant defendant an out-of-time appeal. On May 20, 1986, defendant was granted an out-of-time appeal by the Thirty-Sixth Judicial District Court.
On appeal, defendant urges the following errors:
1. Trial court erred in applying the enhanced penalty provisions of La.R.S. 14:95.2, since the defendant was not charged with a violation of said statute in any bill of information.
2. Trial court erred in applying the sentencing provisions of La.Code of Criminal Procedure Article 893.1 since the defendant received no pre-trial written notice from the district attorney indicating the State's intent to invoke said law.
3. Trial court erred in its instructions to the jury by failing to instruct or list "Guilty of Aggravated Battery" as a responsive verdict.
4. Trial court erred in that defendant was denied his constitutional right to effective assistance and representation by legal counsel, in violation of the United States and Louisiana constitutions.

FACTS
On March 28, 1984, at about 2:30 p.m., defendant was driving his automobile north on Louisiana Highway 27. For reasons in dispute at trial, a high speed chase and duel ensued between defendant and Robert Wayne Foster, the driver of a Ford pick-up truck. During the course of chase, defendant fired at least two shots from a shotgun at the occupants of the Ford truck. Shortly thereafter, Boyd lost control of his vehicle and drove off the road. Defendant abandoned his vehicle where it came to rest and fled the scene. The car was subsequently searched by the police who discovered a 20 gauge shotgun along with some fired shells on the front seat. Defendant surrendered to a DeQuincy police officer and was arrested by Beauregard Parish deputies later that day.

ASSIGNMENT OF ERROR NO. 1
Appellant claims, in his first assignment of error, that the trial court erred in sentencing him under the provisions of La. *750 R.S. 14:95.2, since the defendant was not charged with a violation of said statute in any bill of information. Appellant argues that, under State v. Jackson, 480 So.2d 263 (La.1985), he could not be sentenced under the provisions of La.R.S. 14:95.2 unless he was charged with a violation of the statute by bill of information. The State argues that Jackson should not apply because the instant case became final when defendant failed to timely meet delays for appeal.
In Jackson, supra, the court held that if the State sought to have a defendant sentenced under the provisions of La.R.S. 14:95.2, then it must charge the defendant with a violation of the statute by a bill of information. In Jackson, supra, the court reversed the defendant's sentence under 14:95.2 because he was not charged by bill of information with a violation of that statute. The court held that this new rule would apply to "all cases which are still subject to direct review by this Court, that is, convictions which have not become final upon first appellate review." 480 So.2d at 268-69.
Defendant, John L. Boyd, Sr., was convicted on September 19, 1984. He was sentenced on December 11, 1984, and was granted an out-of-time appeal on May 20, 1986. The issue, therefore, is whether or not the Jackson rule should apply to this out-of-time appeal.
In State v. Counterman, 475 So.2d 336 (La.1985), the Louisiana Supreme Court clarified the procedure for out-of-time appeals stating that when a defendant fails to make a timely motion for appeal as provided in La.C.Cr.P. art. 914, he loses his right to obtain an appeal simply by filing a motion because his conviction and sentence have become final when he failed to appeal timely.
"After the time for appealing has elapsed, the conviction and sentence are no longer subject to review under the ordinary appellate process, unless the defendant obtains the reinstatement of his right to appeal." 475 So.2d at 338.
The court concluded the proper procedural vehicle for obtaining an out-of-time appeal was by motion for post-conviction relief. The Louisiana Supreme Court recognized the inherent authority of the trial court to grant the limited relief of an out-of-time appeal when the defendant had lost his constitutional right to appeal without fault on his part.
Since the Supreme Court used the phrase "reinstatement of the right to appeal," we conclude that the court intended to treat an out-of-time appeal as if it had been timely filed, especially since the trial court is not required to grant an out-of-time appeal. Thus, as this appeal is treated as timely filed and since this is the first appellate review of defendant's conviction, Jackson, supra, applies and appellant is entitled to relief from that portion of his sentence improperly imposed under La.R.S. 14:95.2.

ASSIGNMENT OF ERROR NO. 2
In his second assignment of error, appellant claims the trial court erred by applying the sentencing provisions of La.C. Cr.P. Art. 893.1 since the defendant received no pre-trial notice from the district attorney indicating the State's intent to seek enhancement under said article. He argues the ruling in Jackson, supra, that such notice is required, should apply to this case.
In Jackson, supra, the court held that the sentencing provisions of La.C.Cr.P. art. 893.1 are not self-operative, but must be chosen to be applied by the district attorney. Consequently, pre-trial notice must be given to the defendant if the district attorney wishes the court to apply the provisions of that article. Nevertheless, the court found this to be only a procedural rule and, as the rule was not mandated by the Sixth Amendment, held that this ruling would apply prospectively only to cases tried after the date of the opinion, unless a defendant could show he suffered actual prejudice from the lack of notice.
Late last year, in State v. Allen, 496 So.2d 301 (La.1986), the Louisiana Supreme Court re-evaluated this holding. The court, in modifying the Jackson decision, stated:
"In State v. Jackson, supra, this court addressed generally the provisions of Article *751 893.1 and La.R.S. 14:95.2. The prosecutor in that case also had not charged or otherwise notified the defendant prior to trial of his intent to enhance the penalty by application of the firearms statutes. However, the trial judge at sentencing adverted to the statutes and specifically applied both.
[...]
As to Article 893.1, we noted that the article appears in the sentencing section of the Code of Criminal Procedure and is a sentencing statute which merely limits sentencing discretion under certain circumstances. We concluded that the statute need not be charged in the bill of information or indictment, as required for La.R.S. 14:95.2, but that the district attorney must notify the defendant in writing prior to trial of his intent "to invoke Art. 893.1 by calling on the trial judge prior to sentencing to make a finding that a firearm was used in the commission of the charged felony". Id. at 271. Further concluding that this rule was not compelled by constitutional due process considerations, but rather was prompted by the "need to respect both the judge's impartial role and the district attorney's constitutional right to control every prosecution in his district", we made the rule prospective only, except in cases of particular prejudice caused by the lack of pretrial notice. Id. at 271....
... We now explicitly reconsider the pronouncement on retroactivity in Jackson and conclude that due process notice considerations do indeed form the basis for the requirement that the prosecutor notify the defendant a reasonable period of time in advance of trial of his intention to seek enhancement of the sentence by application of Article 893.1.
When the applicability of a sentencing enhancement statute (Article 893.1 in this case) depends upon a finding, based on evidence presented at trial, that a firearm was used in the commission of a crime and the defendant's sentence may be substantially increased as a result of the application of the statute, the due process clauses of the federal and state constitutions mandate that the defendant be notified, in advance of the trial at which evidence of this factual issue is to be presented, of the importance of rebutting such evidence (use of a firearm), even though the evidence is not necessary to prove an essential element of the charged crime. The serious consequences of the finding based on this evidence (even if the judge makes the finding in post-trial proceedings) trigger the requirements of notice at a meaningful time and of an opportunity to be heard on the issue.
Because the requirement of pretrial notice pronounced in Jackson as a prerequisite to the application of Article 893.1 was indeed dictated by these constitutional principles, the Jackson rule is entitled to at least limited retroactivity. We accordingly expressly overrule that portion of the Jackson decision pertaining to retroactivity which conflicts with Shows and with our decision in the present case.
Since both the requirement of pretrial notice of the prosecutor's intent to invoke Article 893.1 and the requirement of the exercise of the prosecutorial perogative in the decision to invoke Article 893.1 are based on constitutional principles, both warrant limited retroactive application. The sentence imposed by the trial court in the present case was still subject to review on direct appeal at the time the Jackson and Shows decisions were rendered, and the requirements of those decisions are applicable to this sentence."[3]
For these reasons, we conclude that the penalty enhancement provisions of La.C. Cr.P. art. 893.1 should not have been applied. Accordingly, this matter will be remanded for resentencing.

ASSIGNMENT OF ERROR NO. 3
In his third assignment of error, appellant claims the trial court erred in its instructions *752 to the jury by failing to instruct or list "Guilty of Aggravated Battery" as a responsive verdict. Appellant argues that the victim was hit by flying glass when pellets hit the windshield of the victim's truck. From this premise, he urges that a rational trier of fact could have found this to constitute an aggravated battery.
"In Louisiana the accused is statutorily entitled to have the trial court instruct the jury as to the law on the charged offense and on any responsive offenses. La.C.Cr.P. arts. 803, 814, 815. Therefore, when the accused requests and is refused an instruction on a lesser and included offense or when the accused timely objects to the court's failure to give a responsive offense instruction to which he is statutorily entitled, the conviction may be reversed. State v. Dufore, 424 So.2d 256 (La.1982)." State ex rel. Elaire v. Blackburn, 424 So.2d 246 (La.1982).
The court in State v. Mouton, 319 So.2d 331 (La.1975), said:
"In the absence of objection at the time, La.C.Cr.P. art. 841, and of formal assignment of error or bill of exception, La.C. Cr.P. art. 920(1), this court cannot review the record except for errors discoverable on the face of the pleading and proceedings and without inspection of the evidence. La.C.Cr.P. art. 920(2).
If no objection is made at the time, any deficiency in the responsive verdicts cannot be availed of after the verdict. The list of responsive verdicts is not regarded as a pleading or proceeding subject to review in the absence of objection. State v. Craddock, 307 So.2d 342 (La.1975). Under the cited code provisions, a belated attack on the verdict on such a ground, when the trial court can no longer correct the alleged deficiency, cannot be considered."
In the case at hand, the record does not reflect that defendant objected to the trial court's failure to include aggravated battery as a responsive verdict in its charge to the jury. Accordingly, that issue was not preserved for appellate review. This assignment lacks merit.

ASSIGNMENT OF ERROR NO. 4
Appellant avers, in his fourth assignment, that he was denied his right to effective assistance of counsel, in violation of the United States and Louisiana constitutions, and points out several alleged errors in the record and some alleged mistakes not in the record.
An ineffective assistance of counsel claim is properly raised by a writ of habeas corpus in the trial court to enable the judge to order an evidentiary hearing on the matter. However, if the record discloses the evidence needed to decide the issue, the appellate court may consider the issue in the interest of judicial economy. State v. Hartman, 479 So.2d 948 (La.App. 3rd Cir.1985); State v. Seiss, 428 So.2d 444 (La.1983).
A panel of this court addressed an alleged ineffective assistance of counsel claim in State v. Martin, 486 So.2d 333 (La.App. 3rd Cir.1986). In Martin, at 335 and 336, the court stated:
"In Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court articulated the most recent tests for determining whether counsel has been ineffective. The Supreme Court states:
"A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said *753 that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable."
According to the Louisiana jurisprudence, for a defendant to prove a claim of ineffective representation, he must demonstrate that counsel did not meet the level of competency "normally demanded" in criminal cases. An adequate criminal defense must be based on "informed professional deliberation." McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); State v. Felde, 422 So.2d 370 (La.1982). Effective assistance of counsel does not mean "errorless" counsel or counsel which may be judged ineffective on mere hindsight, but counsel "reasonably likely to render and [actually] rendering reasonably effective assistance." State ex rel. Graffagnino v. King, 436 So.2d 559 (La. 1983); see also State v. Seiss, 428 So.2d 444 (La.1983).
In State ex rel. Graffagnino v. King, supra, the court cited State v. Berry, 430 So.2d 1005 (La.1983), in which it established a "meaningful analysis" for claims of ineffective assistance of counsel. The court adopted the two-pronged inquiry of McQueen v. Swenson, 498 F.2d 207 (8th Cir.1974). The court established the first inquiry as to whether counsel violated some duty to the client. The second inquiry is whether the violation, if any, prejudiced the client in the defense of his case."
We have examined the record before us and find nothing to support defendant's allegations on this issue. We do not consider defendant's claims of inefficiency in regard to matters outside the record. Relief in this latter regard, if warranted, can only be secured by way of post-conviction relief.
Accordingly, for the reasons assigned, we affirm defendant's conviction, but set aside the sentence imposed and remand for resentencing in accordance with law and the views expressed.
CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RE-SENTENCING.
NOTES
[1] La.R.S. 14:95.2 states:

"A. Notwithstanding any other provisions of law to the contrary, any person who uses a firearm or explosive device at the time he commits or attempts to commit the crime of second degree murder, manslaughter, aggravated battery, simple kidnapping, aggravated escape, aggravated burglary, aggravated arson, attempted aggravated rape, attempted first degree murder, or attempted aggravated kidnapping shall upon conviction serve a term of two years imprisonment for the first conviction and upon conviction for each second and subsequent offense listed in this Section, he shall serve a term of five years imprisonment.
B. The penalty provided herein shall be in addition to any other penalty imposed under the provisions of this Title and such person shall serve the additional term of imprisonment in the same manner as provided in the offense for which he was convicted and without benefit of parole, probation, suspension of sentence or credit for good time and any adjudication of guilt or imposition of sentence shall not be suspended.
C. The prison terms provided under the provisions of this Section shall run consecutively to any other penalty imposed upon conviction of any of the crimes listed in this Section."
[2] La.C.Cr.P. art. 893.1 states:

"When the court makes a finding that a firearm was used in the commission of a felony and when suspension of sentence is not otherwise prohibited, the court shall impose a sentence which is not less than:
(1) The maximum sentence provided by law, in the same manner as provided in the offense, if the maximum sentence is less than five years, or
(2) Five years, in the same manner as provided in the offense, if the maximum sentence is five years or more.
Imposition or execution of sentence shall not be suspended and the offender shall not be eligible for probation or parole."
[3] Footnotes omitted; Shows refers to State v. Shows, 488 So.2d 992 (La.1986).