GUIDRY, Judge.
On September 19, 1984, defendant, John L. Boyd, Sr., was convicted of attempted manslaughter, a violation of La.R.S. 14:27 and 14:31. He was sentenced to serve seven years at hard labor without benefit of parole, probation or suspension of sentence. The sentence was imposed pursuant to La.C.Cr.P. art. 893.1 and La.R.S. 14:95.2, both firearm enhancement statutes, although there was no pretrial notice to the defendant that Article 893.1 would be invoked and there was no formal charge by *43 indictment or information under R.S. 14:95.2. Subsequently, following appeal, this court, while affirming defendant’s conviction, vacated the sentence imposed by the trial judge under authority of State v. Jackson, 480 So.2d 263 (La.1985) and State v. Allen, 496 So.2d 301 (La.1986), and remanded this matter to the trial court for resentencing. See State v. Boyd, 503 So.2d 747 (La.App. 3rd Cir.1987).
On April 22, 1987, defendant was resen-tenced, this time to nine years at hard labor, subject to commutation as may be allowed by law and with credit for time served.
Defendant now appeals his second sentence alleging that:
“In resentencing the defendant pursuant to his original appeal of conviction and sentence, the trial court erred in imposing a sentence of nine (9) years at hard labor with the Louisiana Department of Corrections, in that said sentence is in excess of that originally imposed, thereby violating the order of the Third Circuit Court of Appeals’ original decision.”
During the resentencing of the defendant to the increased term of nine years imprisonment, the trial judge gave two reasons for his sentencing choice: (1) since the new sentence was with benefits as opposed to the original sentence which was without benefits, the new nine year sentence was in fact less than the initial sentence, in terms of the actual time that defendant would be incarcerated; and, (2) a letter dated January 18, 1986, from the defendant to the trial judge, in the judge’s opinion, “ showed, frankly, to me a complete change of attitude on your [defendant’s] part. I [the trial judge] had been told by numerous members of your family and friends that you’d had a real change in your life after you had found God in jail ... and then after you were sentenced, the tone of everything changed. You were very strong in your denunciation of the Court, of everybody connected with the case, and it just was hard for me to understand, in the light of the way the matter had developed.”
In North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), the U.S. Supreme Court stated:
“We hold ... that neither the double jeopardy provision nor the Equal Protection Clause imposes an absolute bar to a more severe sentence upon reconviction. A trial judge is not constitutionally precluded, in other words, from imposing a new sentence, whether greater or less than the original sentence, in the light of events subsequent to the first trial that may have thrown new light upon the defendant’s ‘life, health, habits, conduct, and mental and moral propensities.’ Williams v. New York, 337 U.S. 241, 245, 69 S.Ct. 1079, 1082, 93 L.Ed. 1337. Such information may come to the judge’s attention from evidence adduced at the second trial itself, from a new presentence investigation, from the defendant’s prison record, or possibly from other sources....
******
Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant’s exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.
In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the in *44 creased sentence may be fully reviewed on appeal.” (footnotes omitted).
This court has held that the principles enunciated in Pearce, supra, “... have equal application to situations wherein only the original sentence, and not the underlying conviction, is successfully attacked.” State v. Jenkins, 451 So.2d 1142 (La.App. 3rd Cir.1984), writ denied, 456 So.2d 1018 (La.1984).
While it is true that the defendant may now qualify for parole, and/or good time sentence reduction, the availability of this relief is speculative. Under La.R.S. 15:571.4(B), good time credits are discretionary with the warden or superintendent of the adult correctional institution of the Department of Corrections. These recommendations are based on a “thorough evaluation of the individual inmate’s behavior”. Under La.R.S. 15:574.4, persons can be released early on parole. La.R.S. 14:574.4(C) makes the granting of parole discretionary with the Board of Pardons and Parole. Even if parole is granted, conditions must be complied with so the defendant is still not completely free. Therefore, we determine, for purpose of our review under Pearce, supra, that on remand a greater sentence was imposed. See State v. Wise, 425 So.2d 727, 729 (La.1983).
We next consider whether the more severe sentence imposed on remand, can be justified on the basis of identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding.
The only events subsequent to defendant’s original sentencing, contained in the record, which shed new light on defendant’s life, health, habits, conduct or mental and moral propensities are three letters dated October 29, 1984, January 18, 1986 and July 4,1986, from the defendant to the trial judge and the statements made by defendant at the second sentencing proceeding, April 27, 1987.
The trial judge placed great weight on the January 18, 1986, letter when resen-tencing defendant. While the letter is accusatory in nature, we note that it contains no threats against anyone. We further note that the letter was written one day after a hearing at which the trial court denied defendant’s request for a complete trial transcript for the purpose of “collaterally” attacking his conviction and sentence. The other two letters and appellant’s remarks at his resentencing hearing make reference to his exemplary conduct during his incarceration, his remorse over past events and his desire to get on with his life. We find it noteworthy that even while expressing remorse for his past actions, the defendant steadfastly maintained that the acts forming the basis for his conviction were taken in self-defense.
In sum, we find insufficient identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding which would justify the imposition of a more severe sentence on defendant than that originally pronounced.
Accordingly, for the reasons stated, the defendant’s sentence is vacated and set aside and this matter is remanded to the trial couit for resentencing in compliance with the views expressed herein.
SENTENCE VACATED AND MATTER REMANDED FOR RESENTENCING.