KING, Judge,
dissenting.
Defendant was first convicted by a jury of attempted manslaughter in 1984. He was sentenced to five years at hard labor for attempted manslaughter, enhanced by La.C.Cr.P. Art. 893.1, so that the five years were given without benefit of probation, parole or suspension of sentence. The sentence was also enhanced by La.R.S. 14:95.2, so that an additional two years was given without benefit of probation, parole, suspension of sentence or credit for good time, to run consecutively with the five year sentence. The trial judge’s sentence at the original sentencing on December 11, 1984, was:
“The sentence of the Court on you is that you be committed to the Louisiana Department of Corrections and confined at hard labor for a period of five (5) years, subject to any commutation as allowed by law, and with credit for time in custody prior to the imposition of this sentence. This sentence is in accordance with Article 893.1 of the Code of Criminal Procedure, to be without probation or parole. Additionally, as required by Article 95.2 of Title 14 of the Revised Statutes, you are to serve an additional two (2) years with the Louisiana Department of Corrections. This is to run consecutive to the five-year sentence, and is to be served without benefit of parole, probation, suspension, or credit for good time. Now, that’s the sentence of the Court, Mr. Boyd.”
This sentence was appealed in State v. Boyd, 503 So.2d 747 (La.App. 3 Cir.1987), where the Court of Appeal found that the enhancement provisions of La.C.Cr.P. Art. 893.1 should not have been applied and that “... appellant is entitled to relief from that portion of his sentence improperly imposed under La.R.S. 14:95.2.” Id. at 750. The Court then stated: “Accordingly, this matter will be remanded for resentencing.” *739 Id. at 751. The practical effect of the opinion of the Court of Appeal was to remove the two year sentence enhancement and to remove the enhancement requiring that the sentence be served without benefit of probation, parole, or suspension of sentence. In other words, the trial court was directed to render a sentence less than or equal to five years with benefit of probation, parole and suspension of sentence.
The trial court resentenced defendant at the second sentencing to nine years at hard labor, with benefit of probation, parole, suspension of sentence and credit for good time. Defendant again appealed his second sentence in State v. Boyd, 525 So.2d 42 (La.App. 3 Cir.1988). The Court of Appeal on the second appeal found that the trial court had again erred in sentencing defendant to nine years at hard labor because that sentence was in excess of the one originally imposed. The second sentence was vacated and the case was again remanded for re-sentencing a third time. The trial court at the third sentencing imposed a sentence of seven years at hard labor with benefit of probation, parole and suspension and subject to commutation and credit for good time. That third sentence is the subject of this appeal.
The majority seizes upon statements made by the trial judge at the original sentencing, as to his sentencing intentions, to support their affirmance of the third sentence imposed on defendant. What might have been the intentions of the trial judge at the original sentencing and the sentence he actually imposed, as quoted above, are two different things. I do not believe this third illegal sentence should be permitted just because the trial judge might have intended to impose another sentence than he actually imposed at the original sentencing. It could certainly be argued that the trial judge might have imposed yet even another sentence had he realized that court interpretations of the law, subsequently to his original sentencing, would be different than his at the time of the original sentencing.
In North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), the Supreme Court considered the constitutional limits on the scope of the authority of a trial court to impose a heavier sentence upon a criminal defendant when an original sentence is set aside. The Supreme Court found that the due process clause protects a criminal defendant from receiving a harsher sentence upon reconviction as a penalty for exercising his right to attack the original conviction. This Court of Appeal has applied the Pearce rationale in State v. Jenkins, 451 So.2d 1142 (La.App. 3 Cir.1984) to resentencing after an illegal sentence where they stated:
“Having determined that the principles of North Carolina v. Pearce, supra, are applicable to resentencing after an illegal sentence is set aside, we must next determine whether the sentence imposed by the trial judge in the instant case is a harsher penalty than that originally imposed.” Id. at 1145.
There is no doubt that a sentence of seven years at hard labor is harsher than the sentence of five years at hard labor which was originally imposed.
Therefore, I respectfully dissent.