STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

* * * * * * *

2023 KA 0872

STATE OF LOUISIANA

VERSUS

CHAD MICHAEL MART

JUDGMENT RENDERED: SEP 2 6 2024

* * * * * * *

Appealed from the Thirty-Second Judicial District Court
Parish of Terrebonne • State of Louisiana
Docket Number 625105 • Division E

The Honorable Randall L. Bethancourt, Presiding Judge

* * * * * * *

Christopher A. Aberle
*Louisiana Appellate Project*
Mandeville, Louisiana

COUNSEL FOR APPELLANT
DEFENDANT—Chad Michael Mart

Joseph L. Waitz, Jr.
*District Attorney*
Joseph S. Soignet
*Special Prosecutor*
J. Christopher Erny
*Assistant District Attorney*
Houma, Louisiana

COUNSEL FOR APPELLEE
State of Louisiana

* * * * * * *

BEFORE: MCCLENDON, WELCH, AND LANIER, JJ.

**WELCH, J.**

The Grand Jury of the Parish of Terrebonne, State of Louisiana charged the defendant, Chad Michael Mart, by grand jury indictment with second degree murder, a violation of La. R.S. 14:30.1.[1] He pled not guilty. After a jury trial, the jury found the defendant guilty as charged by a non-unanimous verdict of 11-to-1. The trial court denied the defendant's motions for new trial and post-verdict judgment of acquittal and sentenced the defendant to life imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence. The trial court denied the defendant's oral motion to reconsider sentence.

Subsequently, the defendant filed a *pro se* motion captioned, "Motion In Proper Person to Appoint the Louisiana Appellate Project," in which he stated his intention to appeal his conviction and sentence. The trial court signed the order attached to defendant's *pro se* motion, appointing the Louisiana Appellate Project ("LAP") to represent the defendant in the appeal of his conviction and sentence. The trial court later signed an order[2] noting that the defendant's *pro se* motion would be construed as a motion for appeal and granted the defendant an appeal. LAP subsequently filed an appeal challenging the constitutionality of the non-unanimous verdict, but this court vacated the trial court's order granting the appeal and remanded the case to the trial court with instructions to reconsider whether the defendant should be granted an out-of-time appeal after affording the State an opportunity to respond. **State v. Mart**, 2021-0633 (La. App. 1 Cir. 7/6/21) (unpublished action). On remand, after allowing the parties the opportunity to file

---

[1] The grand jury indictment read: "Chad M[.] Mart, on or about October 2, 2011, while attempting to commit an Armed Robbery, committed second degree murder[.]"

[2] The instant case has a lengthy procedural history, dating back to the non-unanimous jury verdict rendered on June 19, 2014. The sentencing and ruling on the oral motion to reconsider sentence took place on July 18, 2014. The defendant's *pro se* motion seeking appointment of LAP was filed on September 15, 2014. The trial court signed the order two days later on September 17, 2014. The trial court's order construing the defendant's *pro se* motion as a motion for appeal was signed several years later, on December 18, 2020, after the trial court was informed that LAP had been unaware of the initial appointment in 2014 and had not filed the defendant's appeal in this case.

2

memoranda and holding a hearing, the trial court denied the defendant's request for reinstatement of his appellate rights. The defendant sought supervisory review. This court granted the defendant's writ application, reversed the trial court's ruling, and remanded the case to the trial court with instructions to enter an order for appeal. **State v. Mart**, 2022-1267 (La. App. 1 Cir. 3/24/23), 2023 WL 2621136 (unpublished), <u>writ denied</u>, 2023-00585 (La. 4/23/24), 383 So.3d 610.[3]

The defendant now appeals, assigning error to the constitutionality of his conviction by a non-unanimous jury verdict. For the following reasons, we vacate the defendant's conviction and sentence and remand to the trial court.

## NON-UNANIMOUS JURY VERDICT

In the sole assignment of error, the defendant points out that the verdict was not unanimous Citing **Ramos v. Louisiana**, 590 U.S. 83, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020), the defendant contends that the non-unanimous verdict violates his rights under the Sixth and Fourteenth Amendments to the United States Constitution and is reviewable as a patent error.[4]

In **Ramos**, 590 U.S. at 83, 140 S.Ct. at 1391, the United States Supreme Court held that the right to a jury trial under the Sixth Amendment of the United States Constitution, incorporated against the States by way of the Fourteenth Amendment of the United States Constitution, requires a unanimous verdict to convict a

---

[3] In reversing the trial court's ruling on remand, this court noted that "[a]lthough not in proper form and untimely for purposes of a direct appeal, [defendant's] September 2014 *pro se* motion requesting appointment of the [LAP] showed his intent to file an appeal." **Mart**, 2023 WL 2621136 at *1. The State sought review of this court's ruling by filing a writ of *certiorari* with the Louisiana Supreme Court. On April 23, 2024, while the instant appeal was pending, the Louisiana Supreme Court denied the defendant's writ application. **State v. Mart**, 2023-00585 (La. 4/23/24), 383 So.3d 610.

[4] The record reveals that the defendant did not contemporaneously object to or challenge the constitutionality of the verdict in the trial court. <u>See</u> La. C.Cr.P. art. 841(A) ("An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence."). However, as the defendant correctly notes, the Louisiana Supreme Court held that a non-unanimous jury verdict is an error patent that an appellate court can properly consider pursuant to La. C.Cr.P. art. 920(2), even absent the issue being preserved below. <u>See</u> **State v. Curry**, 2019-01723 (La. 6/3/20), 296 So.3d 1030 (*per curiam*). <u>See also</u> **State v. Keys**, 328 So.2d 154, 157 (La. 1976); **State v. Anderson**, 2017-0927 (La. App. 1 Cir. 4/6/18), 248 So.3d 415, 418-19, <u>writ denied</u>, 2018-0738 (La. 3/6/19), 266 So.3d 901.

defendant of a serious offense. The **Ramos** Court overruled **Apodaca v. Oregon,**[5] 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972). **Ramos,** 590 U.S. at 93, 140 S.Ct. at 1397. The **Ramos** Court further noted that its ruling applied to those defendants convicted of felonies by non-unanimous verdicts whose cases are still pending on direct appeal. **Ramos,** 590 U.S. at 108, 140 S.Ct. at 1406. See also **Schriro v. Summerlin,** 542 U.S. 348, 351, 124 S.Ct. 2519, 2522, 159 L.Ed.2d 442 (2004) (observing that "[w]hen a decision of [the United States Supreme Court] results in a 'new rule,' that rule applies to all criminal cases still pending on direct review"); **State v. Cohen,** 2019-00949 (La. 1/27/21), 315 So.3d 202, 203 (*per curiam*). Thus, where the defendant's conviction was not final when **Ramos** was decided, the holding of **Ramos** applies. **State v. Bueso,** 2019-01675 (La. 6/22/20), 297 So.3d 719 (*per curiam*) (citing **Griffith v. Kentucky,** 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987)); **State v. Jones,** 2020-0451 (La. App. 1st Cir. 12/2/20), 2020 WL 7137112, *3 (unpublished).

As held by the United States Fifth Circuit Court of Appeals in **Cockerham v. Cain,** 283 F.3d 657, 661-62 (5th Cir. 2002), for the purpose of determining whether the defendant may avail himself of a particular rule in challenging his conviction, under Louisiana law, the defendant's conviction is not considered final until after his out-of-time appeal is resolved. As observed by the **Cockerham** court, in **State v. Counterman,** 475 So.2d 336, 338-40 (La. 1985), the Louisiana Supreme Court characterized an out-of-time appeal as a "reinstatement of [the defendant's] right to appeal." **Cockerham,** 283 F.3d at 661. Compelled by **State v. Boyd,** 503 So.2d 747, 750 (La. App. 3d Cir. 1987), in which the Louisiana Third Circuit Court of Appeal

---

[5] In **Apodaca,** the petitioners—found guilty of committing felonies by less-than-unanimous jury verdicts, which was permitted under Oregon law in non-capital cases at that time—challenged the non-unanimous jury verdict provision of the Oregon state constitution. The case **Johnson v. Louisiana,** 406 U.S. 356, 92 S.Ct. 1620, 32 L.Ed.2d 152 (1972)—decided with **Apodaca**—upheld Louisiana's then-existing constitutional and statutory provisions allowing nine-to-three jury verdicts in criminal cases.

interpreted **Counterman,** the **Cockerham** court further observed an out-of-time appeal should be treated as rendering the conviction "non-final" until resolution of the out-of-time appeal, so as to entitle the defendant to the benefit of rules established before the out-of-time appeal was resolved. **Cockerham,** 283 F.3d at 661.

As this court previously held, the defendant's September 15, 2014 *pro se* motion seeking appointment of the LAP was essentially a request for an out-of-time appeal that was never adjudicated. **Mart,** 2023 WL 2621136 at *1. Thus, the defendant's case was still pending on direct review when **Ramos** was decided. Therefore, we are bound to apply **Ramos** to the defendant's pending appeal. See **Ramos,** 590 U.S. at 108, 140 S.Ct. at 1406; **State v. Francis,** 2019-1392 (La. App. 1 Cir. 12/17/20), 318 So.3d 862, 877.

The defendant proceeded to a jury trial on the second-degree murder charge. As reflected in the minutes and trial transcript, the written polling of the jury revealed that eleven of twelve jurors concurred in the guilty verdict in this case. Pursuant to **Ramos,** the non-unanimous jury verdict in this case is unconstitutional and constitutes patent error on the face of the record. Accordingly, we vacate the defendant's conviction and sentence and remand this case for a new trial.

## DECREE

**CONVICTION AND SENTENCE VACATED; REMANDED WITH INSTRUCTIONS.**