KNOLL, Judge.
Defendant, Gerald Gaines, Jr., was charged with two counts of burglary, violations of LSA-R.S. 14:62, one count of felony theft of property valued in excess of $1000 and one count of felony theft of property valued in excess of $100 but less than $500, violations of LSA-R.S. 14:67. Pursuant to a plea bargain agreement, the State dismissed the two burglary charges, and defendant pleaded guilty to one felony theft and one misdemeanor theft. After a presentence investigation, the sentence imposed was five years at hard labor. The sentencing court then suspended the five years at hard labor and placed defendant on five years supervised probation, conditioned on defendant serving two years in the parish jail without credit for time served. Before the imposition of sentence, defendant had served six months and two days in the parish jail. Defendant brings this appeal claiming his sentence is excessive. Finding two errors patent on the face of the record, we correct defendant’s illegal sentence on the felony theft conviction and remand for sentencing on the misdemeanor conviction.
MISDEMEANOR SENTENCE
Defendant appeared before the court for sentencing on a felony theft conviction and a misdemeanor conviction. A careful reading of the sentencing colloquy shows that in the beginning of the colloquy, the court addressed both convictions and then imposed a felony sentence. Thus, defendant received a felony sentence for a misdemeanor conviction, which renders the sentence for the misdemeanor conviction illegal. Therefore, we remand this matter to the district court for resentencing on defendant’s misdemeanor conviction with instructions that the resentence cannot be a heavier sentence. In State v. Jenkins, 451 So.2d 1142 (La.App. 3rd Cir.1984), writ denied, 456 So.2d 1018 (La.1984), this court stated at page 1145: “A defendant clearly has the right to have an illegal sentence set aside. A defendant seeking to exercise his right should not be saddled with apprehension that the new sentence, although within statutory limits, will be more severe.” See also North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). We interpret this to mean that under the circumstances presented herein, defendant’s resentence should run concurrent to the felony sentence. In other words, defendant should not be given more jail time to serve, other than concurrently with the felony sentence, since it was not imposed the first time, otherwise it would constitute a heavier sentence and, therefore, unconstitutional. State v. Jenkins, supra; North Carolina v. Pearce, supra.
CREDIT FOR TIME SERVED
In imposing sentence, the trial court sentenced defendant to serve two years in the parish jail as a condition of probation, and particularly ordered that this jail time would be served without credit for time served prior to the imposition of sentence.
LSA-C.Cr.P. Art. 895(B) provides:
“In felony cases, an additional condition of the probation may be that the defendant shall serve a term of imprisonment without hard labor for a period not to exceed two years.”
LSA-C.Cr.P. Art. 880 states:
“The court, when it imposes sentence, shall give a defendant credit toward service of his sentence for time spent in actual custody prior to the imposition of sentence.” (Emphasis added.)
LSA-C.Cr.P. Art. 871 provides, in pertinent part as follows:
*343 A sentence is the penalty imposed by the court on a defendant upon a plea of guilty, upon a verdict of guilty, or upon a judgment of guilt.”
In the early case of State v. Burks, 202 La. 167, 11 So.2d 518, 519-520 (1942), prior to the enactment of our Louisiana Code of Criminal Procedure, “sentence” as used in criminal law was defined:
“The word ‘sentence’ ... means ‘the pronouncement by the judge of the penalty or punishment as the consequence to the defendant of the fact of his guilt.’ ”
We find that when a sentence of imprisonment is imposed but suspended and the defendant placed on probation subject to specific conditions, the underlying prison sentence and the conditions of probation constitute one sentence. Having made this finding, we find LSA-C.Cr.P. Art. 880 mandates that a defendant must be given credit for time served before the imposition of sentence not only for a sentence that is to be executed, but also for jail time imposed as a condition of probation for a suspended sentence, as in the case sub judice.
In State v. Jones, 477 So.2d 914, 916 (La.App. 4th Cir.1985), our brethren of the Fourth Circuit addressed a sentencing issue germane to the sentencing issue presented herein:
“Defendant asserts that the trial court erred in sentencing defendant to a ten (10) year suspended sentence and placing defendant on five (5) years active probation with the special condition that she serve eighteen (18) months in Parish Prison. Defendant argues that the imposition of the eighteen (18) month prison term as a condition of probation after suspending the ten (10) year sentence (the maximum term allowed under LSA R.S. 14:34) is illegal as it exposes defendant to a prison term longer than is authorized by LSA R.S. 14:34. The State asserts that defendant’s argument is premature because only in the event of revocation of her probation would defendant be exposed to a greater prison term than is authorized, and then only provided that she is not given credit for time served.
We find no merit in the State’s argument and agree with defendant.” (Footnote omitted.)
Under LSA-C.Cr.P. Art. 895(B), in felony cases, two years is the maximum term of imprisonment without hard labor which can be imposed as an additional condition of the probation. In the case sub judice, although the trial court did not impose the maximum sentence under LSA-R.S. 14:67, the underlying prison sentence, the trial court imposed the maximum two year period permissible as an additional condition of probation. Thus, considering that at the time of the imposition of sentence, defendant had already served six months and two days in the parish jail, without giving credit for such time, defendant will serve more than the maximum allowable time prescribed in LSA-C.Cr.P. Art. 895(B).
Under LSA-C.Cr.P. Art. 882(A), an appellate court on review can correct an illegal sentence. Accordingly, defendant is given credit for time served before the imposition of sentence, which is six months and two days, to be applied to the imposition of two years as a condition of probation.
EXCESSIVE SENTENCE
Defendant contends his sentence is excessive and that the trial court failed to follow the sentencing guidelines. Notwithstanding our finding two errors patent on the face of the record concerning defendant’s sentence, and correcting the illegalities of defendant’s sentence, we do not find defendant’s sentence constitutionally excessive.
Defendant’s sentence was well within the statutory bounds of LSA-R.S. 14:67. He was sentenced to serve five years at hard labor, suspended with defendant placed on five years active supervised probation; the probation contingent upon his serving two years in the parish jail, now with credit for time served before the imposition of sentence. The maximum sentence would have been ten years at hard labor and a fine of $3,000.00.
*344 Nevertheless, a sentence imposed, although within the statutory limit, may still violate the defendant’s constitutional right against excessive punishment, and the excessiveness of the sentence is reviewable by the appellate courts. La.Const. art. I Section 20; State v. Sepulvado, 367 So.2d 762 (La.1979). The statutory guidelines of LSA-C.Cr.P. Art. 894.1 furnish criteria by which the reviewing court can measure whether a sentence is excessive. Sepulvado, supra; State v. Cox, 369 So.2d 118 (La.1979). To constitute an excessive sentence the penalty imposed must be so grossly disproportionate to the crime committed in light of the harm caused to society as to shock our sense of justice. State v. Cann, 471 So.2d 701 (La.1985); State v. Bonanno, 384 So.2d 355 (La.1980).
In the present case, the sentencing court included the presentence investigation report, which was incorporated in the record. The report showed that defendant, who was 21 years of age, was a first offender. However, the report also shows that defendant had a juvenile record and a number of charges pending against him in Lafayette and Acadia Parishes. The report, based on defendant’s past and present criminal record and because he was unemployed and possessed no job skills, did not recommend probation.
LSA-C.Cr.P. Art. 894.1 provides sentencing guidelines that the trial court must use in sentencing a defendant convicted of a felony or misdemeanor. Paragraph (C) of the article requires the court to state for the record the considerations taken into account and the factual basis therefor in imposing a sentence. In this case the court adequately considered mitigating factors, adequately articulated aggravating circumstances, and sufficiently complied with Article 894.1.
The record shows that the judge considered the presentence investigation report, the defendant’s past juvenile record and the present pending charges against him, and the fact that defendant pleaded guilty and cooperated with law enforcement officials; nevertheless, he felt that, considering defendant’s prior history, probation alone was not sufficient, as there was a risk of defendant committing another crime while on probation. He also believed that a lesser sentence would deprecate the seriousness of the crime, and that as probation by itself before had proved inadequate, correctional treatment under a custodial environment would be more effective.
In order to comply with the requirements of Article 894.1, the sentencing court need not articulate every aggravating and mitigating, circumstance in the article. However, the record must affirmatively reflect that adequate consideration was given to these codal guidelines in particularizing the defendant’s sentence. State v. Smith, 433 So.2d 688 (La.1983); State v. Sims, 410 So.2d 1082 (La.1982). The requirements of Article 894.1 are fulfilled when the record affirmatively shows the trial court considered the statutory sentencing guidelines. State v. McDermitt, 406 So.2d 195 (La.1981); State v. Rainwater, 448 So.2d 1387 (La.App. 3rd Cir.1984).
In the present case, the sentencing court specifically stated for the record some of the guideline considerations listed in Article 894.1. The important elements the sentencing judge must adequately consider in particularizing defendant’s sentence are: defendant’s personal history; any prior criminal record or absence thereof; the seriousness of a particular offense; and, the likelihood of recidivism or rehabilitation. State v. Soco, 441 So.2d 719 (La.1983). In its reasons for sentencing, the court considered all of these factors and adequately complied with the guidelines of Article 894.1.
Accordingly, we do not find defendant’s sentence so grossly disproportionate to the crimes committed in light of the' harm caused to society as to shock our sense of justice.
DECREE
For the foregoing reasons, defendant is given credit for time served prior to the imposition of sentence on the felony theft conviction. The sentence for the misde *345 meanor conviction is hereby vacated and set aside, and this matter is remanded to the district court for resentencing on the misdemeanor conviction, consistent with the views expressed herein.
FELONY SENTENCE AFFIRMED AS CORRECTED. MISDEMEANOR SENTENCE VACATED AND REMANDED FOR RESENTENCING.
CHARLES WM. ROBERTS, J. Pro Tern., concurs in part and dissents in part and assigns reasons.