839 So.2d 1141 (2003)
STATE of Louisiana
v.
Berkley J. DIXON.
No. 02-1265.
Court of Appeal of Louisiana, Third Circuit.
March 5, 2003.
Earl B. Taylor, District Attorney, Alisa Ardoin Gothreaux, Asst. District Attorney, *1142 Opelousas, LA, for Plaintiff/Appellee, State of Louisiana.
Paula Corley Marx, Lafayette, LA, for Defendant/Appellant, Berkley J. Dixon.
Court composed of JOHN D. SAUNDERS, OSWALD A. DECUIR, and GLENN B. GREMILLION, Judges.
GREMILLION, Judge.
In this case, the defendant, Berkley Dixon, appeals his conviction for attempted simple robbery and the sentence of three years at hard labor, with two years suspended conditioned on three years supervised probation to commence upon his release from incarceration. Defendant challenges both his conviction and sentence in two assignments of error claiming the sentence is illegal because the conviction fails to meet the legal standard of sufficiency of evidence and the sentence exposes him to a term of imprisonment in excess of the statutory maximum.

SUFFICIENCY OF EVIDENCE
In this assignment of error, Defendant challenges the sufficiency of the evidence used to convict him of attempted simple robbery. Pursuant to State v. Hearold, 603 So.2d 731 (La.1992), we shall discuss this assignment of error first. Defendant is accused of attempting to take the wallet of an elderly man, Joseph Carron, by reaching into his back pocket. The evidence showed that when Defendant tried to take the wallet, Carron pushed his hand out of the way and gave the wallet to his friend, Alfred Joseph, III, who is a younger and bigger man than Carron. According to the testimony, Defendant threatened that he had a gun, but ran when Joseph pulled a bow and arrow from his trunk. Specifically, Defendant claims the evidence was insufficient to identify him as the perpetrator. He claims that neither Carron nor Joseph positively identified him as the perpetrator.
When a key issue at trial is whether the defendant was the perpetrator of the crime, the State is required to negate any reasonable probability of misidentification in order to carry its burden of proof beyond a reasonable doubt. State v. Smith, 430 So.2d at 45; see also State v. Brady, 414 So.2d 364, 365 (La.1982); State v. Long, 408 So.2d 1221, 1227 (La. 1982). The fact-finder weighs the respective credibilities of the witnesses, and this court will generally not second-guess those determinations. State ex rel. Graffagnino v. King, 436 So.2d 559 (La.1983). However, we are mindful that the touchstone of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) is rationality and that "irrational decisions to convict will be overturned, rational decisions to convict will be upheld, and the actual fact finder's discretion will be impinged upon only to the extent necessary to guarantee the fundamental protection of due process of law." State v. Mussall, 523 So.2d at 1310.
....
We have held that independent evidence that a crime has been committed and testimony by a victim or eye-witness generally are sufficient to support a verdict of guilt. See State v. Mussall, 523 So.2d at 1311; State v. Rives, 407 So.2d 1195, 1197 (La.1981).
State v. Bright, 98-398, pp. 22-24 (La.4/11/00), 776 So.2d 1134, 1147-48.
We have carefully reviewed the record and note that both Carron and Joseph failed to identify Defendant in a photo line-up. Instead, they identified another man who was with Defendant, Daniel Coleman. However, at trial, Joseph identified Defendant as the perpetrator even though he had trouble identifying him in the same photo line-up. Carron, for his part, testified *1143 that Defendant "resembled" the perpetrator.
Coleman has pled guilty in connection with this incident, although he denied any wrongdoing. He also testified at trial and identified Defendant as the perpetrator. Defendant claims, however, that Coleman's testimony is suspect because he pled guilty in connection with the incident only to "get it over." Another witness who identified Defendant and placed him at the scene was Chad Carron, a friend of Coleman and a cousin of the victim. Defendant argues that Chad's testimony contained internal contradictions and, thus, was not credible.
We find that the evidence was sufficient to prove Defendant committed the attempted simple robbery. As we have noted, the identifications made by Joseph and Carron were suspect since it appears they identified Coleman's photo in the photo line-up.[1] Additionally, Carron's in-court identification of Defendant was weak. However, Coleman and Chad positively identified Defendant as the perpetrator. Joseph also was positive of his in-court identification. The jury heard all the testimony, including the testimony regarding the photo line-up, as well as the testimony by Coleman regarding his involvement in the crime and his friendship with Chad. After hearing this testimony, the jury was able to weigh the respective credibility of the witnesses, and found the witnesses who identified Defendant were credible. The jury's credibility determinations were rational and we will not disturb their verdict. Accordingly, we hold that the evidence was sufficient to convict Defendant of attempted simple robbery; and this assignment is without merit.

ILLEGALLY EXCESSIVE SENTENCE
In this assignment of error, Defendant claims he received an illegally excessive sentence because he is exposed to a sentence beyond the statutory maximum authorized for attempted simple robbery. This crime carries a maximum term of imprisonment of three and one-half years. La.R.S. 14:27 and 14:65. Defendant was sentenced to three years at hard labor. Two years were suspended (leaving one year to be served in prison), and he was placed on three years supervised probation upon his release from the one-year period of imprisonment. Accordingly, once he completes his one-year term of imprisonment, he is to serve three years of supervised probation. If his probation is revoked, he will then be incarcerated for the two year period that was originally suspended. La.Code Crim.P. art. 900(A)(5). Thus, the total period of imprisonment to which Defendant is exposed is three years, which is six months below the three and one-half year maximum term of imprisonment authorized for attempted simple robbery.
Defendant argues, however, that he will be "serving" a sentence of four years. He apparently considers the sentence he will be "serving" as the one year imprisonment followed by three years of probation. Essentially he is arguing that the combined period of incarceration and probation cannot exceed the maximum term of imprisonment that may be imposed for the offense committed. This argument lacks merit.
First, the penalty provision for attempted simple robbery authorizes a maximum term of imprisonment of three and one-half years. As stated above, the term of *1144 imprisonment to which Defendant is exposed is three yearsone year of imprisonment, plus the two years which were suspended. The three years of probation imposed by the trial court is not considered imprisonment.
When a defendant is sentenced to imprisonment in a state prison, he is placed in the custody of the Louisiana Department of Corrections. State v. Bradley, 99-364 (La.App. 3 Cir. 11/3/99), 746 So.2d 263, citing La.R.S. 15:824(A). Probation, on the other hand, "envisions control by the trial court over the suspended portion of the sentence." Id. at 267. Thus, the probationary period is not counted toward the maximum term for which a defendant may be imprisoned for an offense.
Additionally, La.Code Crim.P. art. 893 authorizes a trial court to suspend a sentence for certain felony offenses, in whole or in part, and place a defendant on supervised probation for one to five years. Although there are felony offenses that have maximum sentences of less than five years (i.e., attempted simple robbery), Article 893 does not limit the probationary period for those offenses to the maximum term of imprisonment that may be imposed. Hence, pursuant to Article 893, a trial court may place a defendant convicted of attempted simple robbery on probation for five years even though the maximum term of imprisonment is three and one-half years.
Defendant cites State v. Wagner, 410 So.2d 1089 (La.1982), which can be easily distinguished from the instant case. In Wagner, the defendant was sentenced to six months, the maximum term of imprisonment; the sentence was suspended, and the defendant was placed on two years probation. The supreme court did not find that the trial court's imposition of a two-year probationary period was illegal, even though the maximum term of imprisonment that could be imposed was only six months. In Wagner, the supreme court found that the imposition of a one-month prison term as a condition of probation was illegal since the maximum term of imprisonment (six months in parish jail) had been imposed as the principal sentence. The trial court suspended the six-month sentence and placed the defendant on probation for two years. The supreme court found that by imposing an additional one-month prison term as a condition of probation, the trial court exposed the defendant to the possibility of serving seven months of imprisonment (one month beyond the maximum) in the event his probation was revoked. Thus, the sentence was illegal.
Defendant is in no danger of being incarcerated for a term beyond that authorized by law. If his probation is revoked, he will be required to serve the remaining portion of the sentence that was suspended by the trial court (two years). La.Code Crim.P. art. 900(A)(5). Thus, his incarceration exposure is three years (including the one year that was not suspended), which is six months below the maximum sentence for attempted simple robbery.
For these same reasons, State v. Jones, 477 So.2d 914 (La.App. 4 Cir.1985), another case cited by Defendant, is also distinguishable. See also State v. Diaz, 615 So.2d 1336, 1337 (La.1993), in which the supreme court held, "The district court may not impose a suspended sentence and require the defendant to spend additional time in jail as a condition of probation if the overall effect of the sentence is to expose the defendant to a greater term of imprisonment than provided by the statute he violated."
Finally, State v. Gaines, 557 So.2d 340 (La.App. 3 Cir.1990), also cited by Defendant, is distinguishable. In Gaines, the trial court suspended the defendant's five *1145 year sentence and placed him on five years supervised probation, with the condition that he serve two years in the parish jail, the maximum term that can be served as a condition of probation. La.Code Crim.P. art. 895(B). The trial court specifically ordered the jail time served as a condition of probation, but did not give the Defendant credit for time served. We found, however, that "a defendant must be given credit for time served before the imposition of sentence not only for a sentence that is to be executed, but also for jail time imposed as a condition of probation for a suspended sentence." Gaines, 557 So.2d at 343. We further noted that since the trial court imposed the maximum term that could be served as a condition of probation (two years) and the defendant had already served six months and two days in the parish jail prior to the imposition of sentence, the defendant would serve more than the two-year maximum if not given credit for time served. Thus, we corrected the sentence by applying the six months and two days served by Gaines prior to the imposition of sentence to the two years imposed as a condition of probation. The concerns addressed by us in Gaines are not present in the case sub judice. As we have said, Defendant was not ordered to serve any period of incarceration as a condition of probation. Additionally, the trial court specifically gave Defendant credit for time served.
Defendant's total exposure to imprisonment does not exceed the maximum term of imprisonment authorized by law. The fact that Defendant's incarceration, plus his three year probationary term, exceeds three and one-half years does not render Defendant's sentence illegal and is authorized by La.Code Crim.P. art. 893. Accordingly, this assignment of error lacks merit.

CONCLUSION
Defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] Although the line-up was introduced into evidence, the State indicated that a photocopy would be substituted for the original. The copy submitted in the record is a photocopy and does not indicate the names of the persons in the photographs. There is no indication as to whether the original listed the names.