LOLLEY, J.
 

 11 This criminal appeal arises from the 26th Judicial District Court, Parish of Bossier, State of Louisiana. Defendant, Fal-ice Anissa Fisher, entered a guilty plea to the crime of Cruelty to a Juvenile, a violation of La. R.S. 14:93, pursuant to a plea bargain agreement that capped her sentence at seven years. However, Fisher was sentenced to serve ten years of imprisonment at hard labor, five of which were suspended, and she was placed on five years’ probation. Fisher now appeals. For the following reasons, the defendant’s sentence is vacated and the matter remanded for resentencing.
 

 On July 1, 2008, in Bossier Parish, Fisher violated the provisions of La. R.S. 14:93 in that she did intentionally mistreat or neglect a child under the age of 17, namely, E.L.
 
 [1]
 
 , whereby unjustifiable pain or suffering was caused.
 
 [2]
 
 Louisiana R.S. 14:93(D) states that “whoever commits the crime of cruelty to juveniles shall be fined not more than one thousand dollars or imprisoned with or without hard labor for not more than ten years, or both.”
 

 It is clear from the record in both the minutes and transcript that the state and
 
 *226
 
 Fisher agreed to cap her sentence at seven years in exchange for her plea of guilty as charged. In fact, after accepting Fisher’s guilty plea, the trial court specifically advised all of the parties to note the seven-year cap in their files because
 
 “a
 
 lot of times that does not show up in the presen-tence investigation report.” At the sentencing hearing, after |2considering the presentence investigation report and the facts of the case, including Fisher’s age and social history, the trial court improperly imposed a ten-year sentence, five of which were suspended, and five years’ active supervised probation with special conditions. Unfortunately, neither the defense nor the state noticed the error or objected to the sentence.
 

 On appeal, Fisher assigns as error,
 
 and the state agrees,
 
 that the trial court erred in imposing the ten-year sentence. The applicable law was recently set forth by this court in
 
 State v. Cheatham,
 
 44,247 (La.App. 2d Cir.05/13/09), 12 So.3d 1047, 1051, where we explained that:
 

 A plea bargain agreement is considered to be a contract between the State and the criminal defendant. If the State is a party to a plea bargain agreement, the bargain must be enforced. Although an irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence, Defendant’s complaint is that the trial court failed to enforce a plea bargain agreement, which renders her guilty plea constitutionally infirm.
 

 A guilty plea cannot be withdrawn after sentencing unless it is shown that the facts surrounding the guilty plea render it constitutionally deficient. A guilty plea is invalid when the defendant is induced to plead guilty by a plea agreement and the terms of the bargain are not satisfied. When a plea bargain is breached, the defendant has the option of specific performance or to withdraw the guilty plea. (Internal citations omitted.)
 

 Because the terms of Fisher’s plea bargain agreement were not met, and the trial court’s discretion is involved in determining a sentence within the seven-year sentencing cap, including possible suspension of a portion of the sentence, Fisher’s sentence is vacated and the matter remanded for resentencing in accordance with the plea bargain agreement.
 

 |sFor the foregoing reasons, the defendant’s sentence is vacated and the matter remanded for compliance with the plea bargain agreement of a sentencing cap of seven years.
 

 SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING.
 

 [1]
 

 . The victim’s initials are used because of victim confidentiality requirements applicable to the instant case under La. R.S. 46:1844(W).
 

 [2]
 

 . Specifically, the victim, a 19-day-old boy, sustained a “bucket handle” injury to his right anide (whereby the foot was breached from the socket) caused by excessive pulling of the foot while the defendant put on the victim’s shoes.