# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

## 13-862


**STATE OF LOUISIANA**

**VERSUS**

**CATRINA L. WALLACE**


**\*\*\*\*\*\*\*\*\*\***


**APPEAL FROM THE
TWENTY-EIGHTH JUDICIAL DISTRICT COURT
PARISH OF LASALLE, DOCKET NO. 89,648
HONORABLE J. CHRISTOPHER PETERS, DISTRICT JUDGE**


**\*\*\*\*\*\*\*\*\***


**JAMES T. GENOVESE
JUDGE**


**\*\*\*\*\*\*\*\*\***


Court composed of Elizabeth A. Pickett, James T. Genovese, and Phyllis M. Keaty, Judges.

Pickett, J., concurs in the result.

**SENTENCES VACATED;
REMANDED FOR RESENTENCING.**

**Rachel I. Conner
3015 Magazine Street
New Orleans, Louisiana  70119
(504) 581-9083
COUNSEL FOR DEFENDANT/APPELLANT:**
    Catrina L. Wallace

**James E. Boren**
**830 Main Street**
**Baton Rouge, Louisiana  70802**
**(225) 387-5788**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Catrina L. Wallace**

**J. Reed Walters**
**District Attorney − Twenty-Eighth Judicial District**
**Post Office Box 1940**
**Jena, Louisiana  71342**
**(318) 992-8282**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**GENOVESE, Judge.**

## FACTS AND PROCEDURAL HISTORY

Defendant, Catrina L. Wallace, was convicted of three counts of distribution of cocaine, having sold, on three separate occasions within a three-week period, one to three grams of cocaine to a confidential informant. She "was sentenced to serve five years at hard labor on each count, to run consecutively, with the first two years to be served without the benefit of parole, probation, or suspension of sentence, for a total of fifteen years imprisonment[.]" *State v. Wallace*, 11-1258, p. 1 (La.App. 3 Cir. 5/30/12), 92 So.3d 592, 594, *writs denied*, 12-1861, 12-1865 (La. 3/8/13), 109 So.3d 355. On appeal, this court affirmed Defendant's convictions, but vacated her sentences and remanded the matter to the trial court for resentencing, having found that the trial court abused its discretion when it imposed three five-year sentences to be served consecutively, resulting in constitutionally excessive sentences. Pursuant to the remand, this court instructed the trial court "that the maximum consecutive sentence may not total more than ten years at hard labor with the first two years to be served without the benefit of parole, probation, or suspension of sentence." *Id.* at 605-06.

Subsequent thereto, on April 11, 2013, Defendant filed a Motion to Correct Illegal Sentence. Defendant noted this court's decision and requested the matter be placed on the docket for resentencing. On May 7, 2013, the trial court sentenced Defendant to serve five years at hard labor on counts one and two, to run consecutively. On count three, the trial court sentenced Defendant to serve five years at hard labor, to run consecutively to the sentences in counts one and two. The trial court then suspended the sentence imposed on count three and ordered that Defendant be placed on five years active supervised probation upon her

release from her parole obligation. The State filed a Motion to Reconsider Sentence on May 10, 2013, alleging the sentences imposed were not in accordance with La.R.S. 40:967(B).

On May 29, 2013, Defendant filed a writ of mandamus with this court, requesting a clarification of our earlier ruling and an order directing the trial court to comply with it. This court denied Defendant's request. *State v. Wallace*, 13-614 (La.App. 3 Cir. 6/6/13) (unpublished opinion).

A resentencing hearing was held on June 11, 2013. At that time, the trial court sentenced Defendant to serve five years at hard labor on count one, with the first two years of the sentence to be served without the benefit of parole, probation, or suspension of sentence. On count two, Defendant was sentenced to five years at hard labor with the first two years of the sentence to be served without the benefit of parole, probation, or suspension of sentence. Two years of the sentence on count two were suspended, and the trial court ordered the sentences for counts one and two to run consecutively. On count three, Defendant was sentenced to five years at hard labor with the first two years of the sentence to be served without the benefit of parole, probation, or suspension of sentence. Three years of the sentence were suspended, and the trial court ordered the sentence to run consecutively with those imposed in counts one and two. The trial court then ordered that Defendant be placed on five years active supervised probation upon release from her parole obligation. Defense counsel objected and moved for reconsideration of the sentences on the basis that the sentences were excessive and that consecutive sentences were imposed. Defendant's motion to reconsider was denied.

A motion for appeal was filed by Defendant on June 28, 2013, and was subsequently granted. Defendant is now before this court asserting two

assignments of error.  First, Defendant contends that the trial court abused its discretion when it resentenced her in contravention of this court's previous order. Second, Defendant contends that the trial court's increase in sentence at resentencing without justification evidences unconstitutional vindictiveness and improper punishment for her having successfully sought appellate review.  For the following reasons, we vacate Defendant's sentences on the basis that the total term of imprisonment imposed exceeds that set forth in this court's prior opinion, and we remand the matter for resentencing.  Because we vacate Defendant's sentences, we need not address Defendant's second assignment of error.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record.  After reviewing the record, we find several errors patent regarding the sentences.[1]  However, due to the fact that we vacate the sentences imposed on May 7, 2013, and on June 11, 2013, the errors patent are rendered moot.

## ASSIGNMENT OF ERROR NO. 1

In her first assignment of error, Defendant contends that the trial court abused its discretion when it resentenced her in contravention of this court's previous order.  Defendant argues that on June 11, 2013, the trial court sentenced her to fifteen years at hard labor, with five years suspended, and the first six years

---

[1]The trial court erred when it failed to vacate the sentences imposed on May 7, 2013, before imposing the June 11, 2013, sentences.  *See State v. Brack*, 99-1103 (La.App. 3 Cir. 3/1/00), 758 So.2d 310, *overruled on other grounds by State v. Stevens*, 06-818 (La.App. 3 Cir. 1/31/07), 949 So.2d 597; *State v. Walton*, 98-1433 (La.App. 3 Cir. 3/24/99), 738 So.2d 36, *writ denied*, 99-1195 (La. 10/1/99), 748 So.2d 434.  Also, at the June 11, 2013 sentencing proceeding, the trial court imposed indeterminate sentences on counts two and three when it suspended the sentences and placed Defendant on five years of supervised probation without specifying to which count or counts the probation applied.  *See State v. Morris*, 05-725 (La.App. 3 Cir. 12/30/05), 918 So.2d 1107.  Finally, the trial court failed to set a probation supervision fee. *See State v. Fontenot*, 06-226 (La.App. 3 Cir. 7/12/06), 934 So.2d 935.

3

of the sentence to be served without benefits. Defendant alleges the sentences imposed on remand are considerably harsher than the original sentences imposed and subsequently vacated by this court. Defendant asks this court to vacate the sentences imposed and order the trial court to comply with this court's ruling such that she "may receive a maximum sentence of ten years at hard labor, inclusive of time suspended and time on probation, with a maximum of two years to be served without benefits."

Defendant's assignment of error requires this court to interpret its prior ruling. In *Wallace*, 92 So.3d at 605-06, this court vacated Defendant's sentences, stating:

> Defendant's convictions are affirmed. However, the trial court abused its discretion when it imposed three five-year sentences to be served consecutively, resulting in constitutionally excessive sentences. We, therefore, vacate the sentences and remand to the trial court for resentencing with the instruction that the maximum consecutive sentence may not total more than ten years at hard labor with the first two years to be served without the benefit of parole, probation, or suspension of sentence.

Defendant was convicted of distribution of cocaine which is punishable by "a term of imprisonment at hard labor for not less than two years nor more than thirty years, with the first two years of said sentence being without benefit of parole, probation, or suspension of sentence[.]" La.R.S. 40:967(B)(4)(b).

Louisiana Revised Statutes 15:301.1(A) provides:

> When a criminal statute requires that all or a portion of a sentence imposed for a violation of that statute be served without benefit of probation, parole, or suspension of sentence, each sentence which is imposed under the provisions of that statute shall be deemed to contain the provisions relating to the service of that sentence without benefit of probation, parole, or suspension of sentence. The failure of a sentencing court to specifically state that all or a portion of the sentence is to be served without benefit of probation, parole, or suspension of sentence shall not in any way affect the statutory

requirement that all or a portion of the sentence be served without benefit of probation, parole, or suspension of sentence.

Based on the requirements set forth in La.R.S. 40:967(B)(4)(b) and La.R.S. 15:301.1, we find that the first two years of *each* sentence imposed upon Defendant herein must be without the benefit of parole, probation, or suspension of sentence. This court made no mention of probation in its prior opinion. We will now determine whether the sentences imposed by the trial court on May 7, 2013, and June 11, 2013, are in contravention of this court's previous order.

In *State v. Dixon*, 02-1265 (La.App. 3 Cir. 3/5/03), 839 So.2d 1141, the defendant was convicted of attempted simple robbery and sentenced to serve three years at hard labor. Two years of the sentence were suspended, and he was placed on three years supervised probation upon his release from incarceration. On appeal, the defendant claimed his sentence was illegally excessive because it exposed him to a sentence beyond the statutory maximum authorized for the offense, which carried a maximum term of imprisonment of three and one-half years. This court addressed the issue stating:

> Two years were suspended (leaving one year to be served in prison), and he was placed on three years supervised probation upon his release from the one-year period of imprisonment. Accordingly, once he completes his one-year term of imprisonment, he is to serve three years of supervised probation. If his probation is revoked, he will then be incarcerated for the two year period that was originally suspended. La.Code Crim.P. art. 900(A)(5). Thus, the total period of imprisonment to which Defendant is exposed is three years, which is six months below the three and one-half year maximum term of imprisonment authorized for attempted simple robbery.

*Id*. at 1143. *Cf. State v. Brown*, 93-2305 (La.App. 4 Cir. 11/17/94), 645 So.2d 1282. In *Dixon*, this court further found the three years of probation imposed by the trial court was not considered imprisonment, stating:

5

Additionally, La.Code Crim.P. art. 893 authorizes a trial court to suspend a sentence for certain felony offenses, in whole or in part, and place a defendant on supervised probation for one to five years. Although there are felony offenses that have maximum sentences of less than five years (i.e., attempted simple robbery), Article 893 does not limit the probationary period for those offenses to the maximum term of imprisonment that may be imposed. Hence, pursuant to Article 893, a trial court may place a defendant convicted of attempted simple robbery on probation for five years even though the maximum term of imprisonment is three and one-half years.

*Dixon*, 839 So.2d at 1144. *See also State v. Whatley*, 06-316 (La.App. 3 Cir. 11/2/06), 943 So.2d 601, *writ denied*, 06-2826 (La. 8/31/07), 962 So.2d 424. We find this court's analysis in *Dixon*, 839 So.2d 1141, to be applicable to the case at bar, and, as set forth in this court's prior opinion, the maximum sentence that could be imposed is comparable to a maximum sentence provided by a statute.

Under the sentences imposed in the instant case on May 7, 2013, and June 11, 2013, Defendant was sentenced to fifteen years at hard labor. However, five years of each sentence were suspended. If Defendant's probation is revoked under either set of sentences, she could be required to serve the five-year period that was originally suspended. As set forth in La.Code Crim.P. art. 900(A)(5), if a court decides a defendant has violated or is about to violate a condition of probation, the trial court may "[o]rder that the probation be revoked. In the event of revocation[,] the defendant shall serve the sentence suspended, with or without credit for the time served on probation at the discretion of the court." Under both sets of sentences, the term of imprisonment to which Defendant is exposed exceeds that mandated in this court's prior opinion, as Defendant's total exposure to imprisonment is fifteen years. As set forth above, we also find that time on probation is not considered imprisonment and does not count toward the total sentence imposed. For the reasons set forth herein, Defendant's sentences, as

imposed on May 7, 2013, and June 11, 2013, are vacated and set aside, and the matter is remanded to the trial court for resentencing within the parameters set forth in this court's prior opinion.

## ASSIGNMENT OF ERROR NO. 2

In her second assignment of error, Defendant contends that the trial court's increase in sentence at resentencing without justification evidences unconstitutional vindictiveness and improper punishment for her having successfully sought appellate review. In light of Defendant's sentences being vacated, we need not and do not address this assignment of error.

## DISPOSITION

Defendant's sentences are vacated, and this matter is remanded for resentencing as set forth in this court's prior opinion with the maximum consecutive sentence not to exceed ten years at hard labor with the first two years to be served without the benefit of parole, probation, or suspension of sentence.

**SENTENCES VACATED;**
**REMANDED FOR RESENTENCING.**