# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 24-513

**STATE OF LOUISIANA**

**VERSUS**

**KHADIJAH TOUSSAINT**

**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 20-K-0171-D
HONORABLE D. JASON MECHE, DISTRICT JUDGE

**********

**SHANNON J. GREMILLION**
**JUDGE**

**********

Court composed of Shannon J. Gremillion, Candyce G. Perret, and Gary J. Ortego, Judges.

**SENTENCE VACATED;**
**REMANDED FOR RESENTENCING.**

**Chad Pitre**
**District Attorney**
**Twenty-Seventh Judicial District Court**
**Kathleen E. Ryan**
**Assistant District Attorney**
**Post Office Drawer 1968**
**Opelousas, Louisiana 70571**
**(337) 948-0551**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Douglas Lee Harville**
**Louisiana Appellate Project**
**Post Office Box 52988**
**Shreveport, Louisiana 71135**
**(318) 222-1700**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Khadijah Toussaint**

**GREMILLION, Judge.**

Defendant, Khadijah Toussaint, pleaded guilty to second degree cruelty to a juvenile in violation of La.R.S. 14:93.2.3(A)(1), which is punishable by a maximum sentence of "imprisonment at hard labor for not more than forty years." La.R.S. 14:93.2.3(C). Defendant admitted that on January 9, 2020, she intentionally, and in a criminally negligent manner, mistreated and neglected S.R., a child under the age of seventeen, causing serious bodily injury or neurological impairment to said child.[1]

Defendant was sentenced to twelve years of imprisonment at hard labor, with five years suspended, and three years of supervised probation after incarceration. Defendant filed a motion to reconsider sentence arguing that the sentence exceeded the ten year sentencing cap the State agreed to when accepting her plea of guilty. Defendant appeals her sentence and assigns as error:

> The State and Ms. Toussaint entered into a written plea agreement that included a sentencing cap of 10 years. The Trial Court accepted the plea agreement but imposed a sentence of 12 years of imprisonment at hard labor, with 5 years suspended, and with 3 years of supervised probation after incarceration. Because the Trial Court breached the plea agreement, this Court should vacate Ms. Toussaint's sentence and remand this matter for further proceedings consistent with this opinion.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, we review all appeals for errors patent on the face of the record. While we find there is an error patent, it is rendered moot due to our decision to vacate Defendant's sentence for the reasons discussed below. *See State in the Interest of E.T.*, 13-1323 (La.App. 3 Cir. 4/2/14), 136 So.3d 971, *writ denied*, 14-894 (La. 11/21/14), 160 So.3d 969.

## ILLEGALY EXCESSIVE SENTENCE

In determining whether a sentence exceeds a maximum statutory penalty, sentencing exposure to imprisonment is examined. *State v. Dixon*, 02-1265 (La.App. 3

---

[1] In accordance with La.R.S. 46:1844(W)(1)(a),we use initials to protect the identity of the minor victim.

Cir. 3/5/03), 839 So.2d 1141. Sentencing exposure is the period of confinement plus the suspended portion of sentence. *Id.* In *Dixon,* the defendant was sentenced to three years at hard labor with two years suspended. He was placed on three years of supervised probation following his one-year term of imprisonment. The defendant argued that he was "serving" a sentence of four years–the one year period of confinement plus three years of probation. A panel of this court noted that "the total period of imprisonment to which Defendant is exposed is three years, which is six months below the three and one-half year maximum term of imprisonment authorized for attempted simple robbery." *Id.* at 1143. *Dixon* cited *State v. Wagner*, 410 So.2d 1089 (La.1982), which states:

> We also find the imposition of the one month prison term illegal in this case because it exposes the defendant to a greater prison term than is permitted by the statute he violated.

> Defendant pled guilty to simple battery. La.R.S. 14:35. The maximum penalty provided for the crime is six months imprisonment. He was sentenced to serve six months in parish prison, suspended. Requiring defendant to serve one month imprisonment (in this case, as an additional condition of probation) exposes defendant to the risk of serving seven months in jail in the event his probation should be revoked. Seven months exceeds the maximum prison term authorized by R.S. 14:35.

*Id.* at 1091.

In *State v. Fisher*, 44,865 (La.App. 2 Cir. 10/28/09), 26 So.3d 224, the defendant and the State agreed to cap her sentence at seven years in exchange for her guilty plea. The trial court sentenced the defendant to ten years imprisonment with five years suspended and five years of probation. The appellate court found that the trial court erred in imposing a sentence in excess of the agreed upon cap:

> A plea bargain agreement is considered to be a contract between the State and the criminal defendant. If the State is a party to a plea bargain agreement, the bargain must be enforced. Although an irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence, Defendant's complaint is that the trial court failed to enforce a plea bargain agreement, which renders her guilty plea constitutionally infirm.

3

> A guilty plea cannot be withdrawn after sentencing unless it is shown that the facts surrounding the guilty plea render it constitutionally deficient. A guilty plea is invalid when the defendant is induced to plead guilty by a plea agreement and the terms of the bargain are not satisfied.

*Id.* at 226 (quoting *State v. Cheathem,* 44,247, p. 7 (La.App. 2 Cir. 5/13/09), 12 So.3d 1047, 1051-52). The appellate court vacated the sentence and remanded for resentencing pursuant to the plea agreement.

A defendant's sentence is comprised of his overall sentencing exposure including the period of confinement and that portion of the sentence which has been suspended. *See State v. Alexander*, 95-1099 (La.App. 3 Cir. 12/26/98), 687 So.2d 527; *State v. Jarratt*, 53,525 (La.App. 2 Cir. 6/24/20), 299 So.3d 1202; *see also* La.Code Crim.P. art. 893(A)(3) ("The suspended sentence shall be regarded as a sentence for the purpose of granting or denying a new trial or appeal.")

The State argues that the agreement was not violated because "the only matter in question was the number of years Appellant would be actually incarcerated." The State also argues that "the plea agreement between the State and defense counsel exclusively addressed the potential duration of non-suspended incarceration time." Defendant's written plea of guilty and waiver of rights states, "I understand the District Attorney's plea bargain agreement and/or recommendation, if any, is as follows: Plead guilty to second degree cruelty to juvenile with a 10 year cap. Have a sentencing hearing."

The ten-year sentencing cap was referred to by numerous parties at the plea hearing, the sentencing hearing, and at the hearing at which Defendant was sentenced. However, we do not find any language supporting the State's argument limiting the ten-year cap to "non-suspended incarceration time." At the plea hearing, the trial court questioned Defendant, "[Y]ou understand that the only thing that the State has agreed to is that the sentence would not be more than ten years?" The trial court later said to Defendant, "Sentencing is only limited to a ten year cap, but the amount of the sentence will be up to me." The prosecutor later stated to the trial court, "we would ask the court

4

to impose the ten years cap agreed upon but we would ask that every day of that then years be served at hard labor." At the sentencing hearing, the trial court stated:

> The parties agreed at the time of the plea to a ten year hard labor cap. And I will accept that plea because I do believe that – I don't believe in rejecting a plea bargain for just any reason. I'll always assume that the attorneys have thought it out and have valid reasons for doing so.

Because revocation of probation would result in Defendant serving twelve years imprisonment at hard labor, the ten-year sentencing cap agreed to by the State and Defendant was exceeded and the plea agreement breached.

## DISPOSITION

Defendant's sentence of twelve years exceeds the plea agreement. Accordingly, we vacate Defendant's sentence and remand for resentencing in accordance with the sentencing exposure guidelines set forth above and the plea agreement with a sentencing cap of ten years.

**SENTENCE VACATED; REMANDED FOR RESENTENCING**.